UNITED STATES of America,
Plaintiff-Appellee,

v.

Somboon DANGDEE,
Defendant-Appellant.

No. 79–1501.

United States Court of Appeals,
Ninth Circuit.

Nov. 23, 1979.

---

Joe Reichmann, Los Angeles, Cal., on brief, for defendant-appellant.

Appeal from the United States District Court for the Central District of California, The Honorable David W. Williams, Presiding.

Before GOODWIN, ANDERSON and TANG, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

The appellant Dangdee has brought this motion to be allowed to proceed *in forma pauperis* in appealing his conviction of the use of an altered passport, in violation of 18 U.S.C. § 1543. We determine that this case is controlled by 18 U.S.C. § 3006A, The Criminal Justice Act of 1964 [hereinafter the Act], and the Revised Provisions for the Representation on Appeal of Persons Financially Unable to Obtain Representation, as contained in the appendix to the Rules of the United States Court of Appeals for the Ninth Circuit (effective March 1, 1972) [hereinafter Revised Provisions], and grant appellant's motion.

## FACTS

Appellant Dangdee, a citizen of Thailand, presented an altered Thai passport to authorities upon entering the United States at the Los Angeles International Airport. Dangdee was represented by appointed counsel in a bench trial in which he was

convicted of the illegal use of an altered passport, in violation of 18 U.S.C. § 1543.

After the conviction, Dangdee moved for leave to appeal without prepayment of fees and costs, for the preparation of a reporter's transcript at government expense, and for appointment of counsel on appeal. The written motion was made on a standard form that invoked the provisions of the *forma pauperis* statute, 28 U.S.C. § 1915. The District Judge denied the motion with the following statement:

> "The grounds for the appeal are frivolous and ridiculous. A waste of taxpayer's funds to permit the appeal."

Dangdee now moves this court for *pauperis* status and for "the payment of all costs, including a trial transcript, if ordered." Further, Dangdee asserts in his motion that he is automatically entitled to continued representation by appointed counsel on appeal.

*ISSUE*

There appears to be no question that Dangdee is financially eligible for the relief that he seeks in this motion. The issue is whether a defendant, for whom trial counsel was appointed under the Act, may be denied continued representation on appeal at the discretion of the District Judge.

*DISCUSSION*

■ The Act sets forth the representation rights of persons who are financially unable to obtain counsel during their defense in the federal criminal process. Under the Act, in every criminal case in which the defendant is charged with a felony or misdemeanor [1] (other than a petty offense as defined in section 1 of Title 18), a defendant who is financially unable to obtain counsel is entitled to appointed counsel unless the defendant waives representation. 18 U.S.C. § 3006A(b). The Act further provides that every "person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance . . . through appeal." 18 U.S.C. § 3006A(c). Thus the design of the Act contemplates the early appointment of counsel whose services are to continue through every stage of the proceedings. H.Rep.N.864, 88th Cong., 1st Sess. 7, Attached Letter, Attorney General to the President, *reprinted in* U.S.Code Cong. & Admin.News, pp. 2990, 2995 (1964).

■ During the course of a particular case the court may substitute one appointed counsel for another, as the interests of justice require. However, the termination of a person's right to be represented by some counsel at each stage of the criminal process is limited. Only if the United States Magistrate or the court finds that the person is financially able to obtain counsel may the appointment be terminated. 18 U.S.C. § 3006A(c). Therefore, continued representation by appointed counsel on appeal is, in effect, "automatic" unless a change in the defendant's financial situation renders him ineligible for continued representation. The Revised Provisions adopted by the Ninth Circuit to implement the Act make it clear that representation by appointed counsel "automatically" continues through appeal.[2] 9th Cir.R.App. § 2(a). The Revised Provisions state that:

> "Each District Court plan provides that counsel appointed under the Act shall continue to represent his client on appeal unless or until he is relieved by the Court of Appeals. Such counsel shall continue to act without further order of the Court of Appeals, unless and until he is relieved by the Court of Appeals."

9th Cir.R.App. § 2(a). Thus, a person having counsel appointed in the district court need not take further action in order to be represented on appeal.

■ When counsel appointed in the district court files the notice of appeal, it is the

---

1. As provided in 18 U.S.C. § 3006A(b), appointment of counsel is also provided in other circumstances.

2. 18 U.S.C. § 3006A(a) provides that "Each United States District Court, with the approval of the judicial council of the circuit, shall place in operation throughout the district a plan for furnishing representation for any person financially unable to obtain adequate representation . . . . ."

responsibility of the clerk of the district court to forward a copy of the notice of appeal, along with a copy of the order of the district court appointing such counsel. 9th Cir.R.App. § 2(a). The copy of the order of the district court appointing counsel serves as notice to the Clerk of the Court of Appeals that the appellant has the right to appeal without payment of fees and costs and without filing the affidavit required by section 1915(a) of Title 28, United States Code (the statute governing appeals *in forma pauperis*).[3] 18 U.S.C. § 3006A(d)(6); 9th Cir.R.App. § 2(d).

The Court Reporter Act, 28 U.S.C. § 753, provides that transcripts be furnished at government expense to persons having counsel appointed pursuant to the Act.[4] 28 U.S.C. § 753(f). No further showing is now required.[5]

*CONCLUSION*

█ The appellant Dangdee had counsel appointed in district court pursuant to 18 U.S.C. § 3006A. The termination, on appeal, of counsel appointed at trial pursuant to 18 U.S.C. § 3006A(c) is not subject to the discretion of the judge of the district court. 18 U.S.C. § 3006A(c); 9th Cir.R.App. § 2(a).

His continued representation on appeal by appointed counsel is "automatic," unless a change in his financial situation renders him ineligible for continued representation or if he waives such representation. 18 U.S.C. § 3006A(c); 9th Cir.R.App. § 2(a), 3(b). Dangdee is entitled to appeal without payment of fees and costs and without filing the affidavit required by section 1915(a) of Title 28, United States Code. 18 U.S.C. § 3006A(d)(6); 9th Cir.R.App. § 2(d). Also, Dangdee is entitled to have the trial transcript, or designated pertinent portions thereof, provided at government expense, when ordered by appointed counsel. 28 U.S.C. § 753(f).

As heretofore ordered, the motion is GRANTED.[6]

3. Part of the problem in this case arises from the form used by appellant. The "Notice of Appeal and Orders in Criminal in Forma Pauperis Cases" form used by the appellant was promulgated pursuant to 28 U.S.C. § 1915 and was therefore drafted to comply with the mandates of that statute. Under that statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The requirements of 18 U.S.C. § 3006A, the relevant statute here, are different, requiring only the filing of a notice of appeal in order to have appointed counsel continue representation on appeal. There is no provision in 18 U.S.C. § 3006A allowing the sort of certification permitted under the in forma pauperis statute. Thus, a trial court's finding that an appeal is frivolous or not in good faith cannot affect a party's right to continued representation under 18 U.S.C. § 3006A.

4. A majority of Justices of the Supreme Court have interpreted 28 U.S.C. § 753(f), in dictum, as intending to make transcripts available automatically on direct appeal. *United States v. MacCollum*, 426 U.S. 317, 321–22 n.1 (plurality opinion), 338 n.6, 96 S.Ct. 2086, 48 L.Ed.2d 666 (Stevens, J. dissenting) (1976); also see, *United States v. Rohl*, 588 F.2d 296 (9th Cir. 1978)

(stating that an appellant for whom counsel was appointed under 18 U.S.C. § 3006A(c) was entitled, therefore, to obtain a transcript of the record on appeal prepared at government expense).

5. Prior to amendment made in 1970, the Court Reporter Act provided that transcripts in criminal proceedings would be provided at government expense "to persons allowed to . . . appeal in forma pauperis." Thus, in addition to financial inability to pay, an appellant was required to show that his appeal was not frivolous but rather was taken "in good faith." 28 U.S.C. § 1915 (1970). The 1970 amendments changed the statute to eliminate the reference to forma pauperis in regard to persons proceeding under 18 U.S.C. § 3006A. S.R.No.91–1368, 91st Cong. 2nd Sess., *reprinted in* 1970 U.S. Code Cong. & Admin.News p. 4895.

6. This opinion is published in this case in response to a recent resolution of the Ninth Circuit Liaison Committee of Circuit and District Judges. That resolution called for a published opinion in an appropriate case presenting the issues discussed in this opinion.