UNITED STATES of America,
Plaintiff–Appellee,

v.

Lester Gene BOUTWELL,
Defendant–Appellant,

and

UNITED STATES of America,
Plaintiff–Appellee,

v.

Morris Allen PRITCHETT,
Defendant–Appellant.

Nos. 89–1783, 89–1780.

United States Court of Appeals,
Fifth Circuit.

March 6, 1990.

Mari C. Haley, Waco, Tex. (court appointed), for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

## MOTIONS TO PROCEED IN FORMA PAUPERIS

Before GEE, Circuit Judge.[1]

GEE, Circuit Judge:

Appearing before me are two criminal defendants, each of whom pled guilty and each of whom has moved me for permission to appeal his ensuing conviction and sentence at public expense, *i.e.*, in forma pauperis.

One of these, Pritchett, was represented in the district court by retained counsel, Dwight Goains, and here by appointed counsel, Mari Haley. The trial court has denied his motion to proceed on appeal in forma pauperis, certifying in accord with F.R.A.P. Rule 24(a) that his appeal is not taken in good faith.

The other movant, Boutwell, was likewise represented by Mr. Goains in district court, is here also represented by Ms. Haley, and has likewise suffered a certification that his appeal is not a good faith one. Unlike Pritchett, however, who retained and paid Mr. Goains to represent him in the trial phase of his prosecution, Boutwell received the services of Mr. Goains gratis, by courtesy of a court appointment made pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A.

The issue for decision is whether this difference alone—that Pritchett paid Mr. Goains himself at the trial stage but that Boutwell, as a pauper, received Mr. Goains' services there at public expense—entitles Boutwell to preferential treatment. Such a reading of the relevant rules and statutes is possible, indeed, it has been the basis of an appellate decision. *United States v. Dangdee*, 608 F.2d 807 (9th Cir.1979). The result produced is, however, so lacking in reason and so greatly at variance with the manifest purpose of permitting in forma pauperis proceedings that I cannot believe it one intended by the lawmaker.

Being restrained by no binding authority, I therefore hold that one proceeding in forma pauperis is entitled to the same, but to no greater, rights as one financing his own defense; that a bad faith appeal is a bad faith appeal whether publicly or privately financed; and that therefore the same rules and requirements govern both of these two attempts to appeal.

### Authorities

Two statutes, and one Federal Appellate Rule (with Commentary) bear on the issue before me. I set out the relevant portions of these in the margin.[2]

### Case Law

My research reveals little case law on the point outside the Ninth Circuit, where the

---

1. In accordance with Court policy, this opinion, being one which initiates a conflict with the rule declared in another circuit, was circulated before release to the entire Court, and rehearing en banc was not voted by a majority of the judges in active service.

2.

*Statutes*

18 U.S.C. section 3006A(c): Duration and substitution of appointments.—A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States Magistrate or the court through appeal....

18 U.S.C. section 3006A(d)(6): Proceedings before appellate courts.—If a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a) of title 28.

28 U.S.C. section 1915: Proceedings in forma pauperis.—

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person

landmark case is *United States v. Dangdee*, 608 F.2d 807 (9th Cir.1979). At trial, Dangdee had been represented by court-appointed counsel. Convicted, he moved to appeal in forma pauperis. He made the motion on a standard form that invoked the provisions of 28 U.S.C. section 1915. The district court denied his motion on the ground that the appeal was "frivolous and ridiculous" and a "waste of taxpayer's funds." Dangdee appealed, seeking pauper status and asserting that he was automatically entitled to continued representation by appointed counsel on appeal.

The opinion framed the issue as follows:

There appears to be no question that Dangdee is financially eligible for the relief that he seeks in his motion. The issue is whether a defendant, for whom trial counsel was appointed under the Act, may be denied continued representation on appeal at the discretion of the District Judge.

*Id.* at 809.

The court then outlined what it saw as Dangdee's rights on appeal, amalgamating together the right to pauper status, the right to an appeal (whether frivolous or not), and the right to continued representation at public expense:

When counsel appointed in the district court files the notice of appeal, it is the responsibility of the clerk of the district court to forward a copy of the notice of appeal, along with a copy of the order of the district court appointing such counsel. The copy of the order of the district court appointing counsel serves as notice to the Clerk of the Court of Appeals that the appellant has the right to appeal without payment of fees and costs and without filing the affidavit required by section 1915(a) of Title 28, United States Code (the statute governing appeals *in forma pauperis*).

*Id.* at 810 (citations omitted).

Thus, the court determined, Dangdee was entitled to appeal without paying fees and costs simply by virtue of the fact that he had been represented by court-appointed counsel at the trial level. There was no need for him to move for pauper status;

who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

*An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.* (Emphasis added).

(d) The court may request an attorney to represent any such person unable to employ counsel and *may dismiss the case* if the allegation of poverty is untrue, or *if satisfied that the action is frivolous or malicious.* (emphasis added).

*Rules of Procedure*

F.R.A.P. 24. Proceedings in Forma Pauperis.—

(a) Leave to Proceed on Appeal in Forma Pauperis from District Court to Court of Appeals. A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the

motion is denied, the district court shall state in writing the reasons for the denial.

*Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the district court in forma pauperis,* or who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case, *may proceed on appeal in forma pauperis without further authorization unless,* before or after the notice of appeal is filed, *the district court shall certify that the appeal is not taken in good faith* or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding. (emphasis added). Notes of Advisory Committee on Appellate Rules:

Subdivision (a).

The second paragraph permits one whose indigency has been previously determined by the district court to proceed on appeal in forma pauperis without the necessity of a redetermination of indigency, while *reserving to the district court its statutory authority to certify that the appeal is not taken in good faith, 28 U.S.C. section 1915(a),* and permitting an inquiry into whether the circumstances of the party who was originally entitled to proceed in forma pauperis have changed during the course of the litigation. (emphasis added).

he, in effect, already had it. This is precisely what 18 U.S.C. section 3006A(d)(6) contemplates, nothing more. The opinion, however, goes on to give more; a footnote following the above-quoted paragraph, after setting forth the "good faith" provision of 28 U.S.C. section 1915, states:

The requirements of 18 U.S.C. section 3006A, the relevant statute here, are different [from section 1915], requiring only the filing of a notice of appeal in order to have appointed counsel continue representation on appeal. There is no provision in 18 U.S.C. section 3006A allowing the sort of certification permitted under the in forma pauperis statute. Thus, *a trial court's finding that an appeal is frivolous or not in good faith cannot affect a party's right to continued representation under 18 U.S.C. section 3006A.* (emphasis added).

*Id.* at 810, n. 3.

In one sense, this is correct: a determination that the appeal is frivolous had no direct effect on the right to counsel. But in another, it is incorrect and misleading: when the trial court certifies, pursuant to § 1915, that an appeal is not taken in good faith, the appeal "may not be taken...." There it ends, and with it the right to (and need for) appointed counsel. Thus, while the direct effect of a determination of frivolousness on the right to counsel is absent, the indirect effect is entire: the appeal is ended.

There is no provision in 18 U.S.C. section 3006A *prohibiting* the sort of certification permitted under 28 U.S.C. § 1915, the "in forma pauperis statute"; that there is no provision specifically permitting it (as *Dangdee* notes) proves nothing. As we shall see, it is permitted, indeed required, elsewhere.

The *Dangdee* court concluded:

The termination, on appeal, of counsel appointed at trial pursuant to 18 U.S.C. section 3006A(c) is not subject to the discretion of the judge of the district court. His continued representation on

appeal by appointed counsel is "automatic," unless a change in his financial situation renders him ineligible for continued representation or if he waives such representation.

Although this statement is accurate, as we have seen, it mischaracterizes the issue. The question is not one of termination of court-appointed counsel; rather, it is one of termination of the appeal on the ground that it is frivolous. Clearly, it follows that the next step after terminating the appeal is to terminate counsel. Nevertheless, it is one thing to terminate counsel because there is no longer an appeal having any merit, and quite another to terminate counsel as a discretionary act. *Dangdee* addresses only the latter, and from that perspective its result is not surprising; it puts the cart before the horse and then forgets about the horse. The district court did not exercise its discretion simply to dismiss court-appointed counsel and leave Dangdee without a lawyer. Instead, the district court, having already found the appeal frivolous, refused to allow Dangdee to bring it—with or without counsel. That decided, Dangdee had no further need for the services of a lawyer.[3]

■ But *Dangdee* appears to hold that the appellant's "automatic right to continued representation" carries with it an automatic right to appeal. This simply cannot be so. Rather, the right to appeal is limited by the merits of the appeal, merits which, *in all cases*, are to be judged under the standard of frivolity. Any other result comes to grief upon the twin reefs of today's two cases in which, were *Dangdee* followed, Pritchett, who retained counsel, would be subject to the hazard of § 1915 certification, while Boutwell, for whom counsel was appointed at trial, would not. Thus to view § 1915 and § 3006A as different modes of proceeding on appeal, as *Dangdee* does, leads to granting the appellant who was a pauper from the start a *greater* right to appeal than that of one who was represented by retained counsel in

3. *See also United States v. Feldman,* 788 F.2d 625 (9th Cir.1986) (citing *Dangdee* and 18 U.S.C. section 3006A(c) for the proposition that an appointed attorney's duty to represent his or her client continues automatically through appeal).

the trial court. To thus penalize one who paid his own way as long as he could makes no sense and stands the notion of equality for paupers before the bar of justice on its head.

### Analysis

These cases present a difficult issue. Logically, there are four conceivable resolutions of it:

1) To treat all indigent defendants alike and to review the merits of their appeals under the good faith standards set forth in Rule 24 and 28 U.S.C. section 1915(a) and (d);

2) To treat all indigent defendants alike and decline to review the merits of their appeals at all;

3) To treat indigent defendants differently and review the merits of appeals brought by defendants who seek in forma pauperis status for the first time in the court of appeals, but not to review the merits of appeals brought by defendants who were appointed counsel to represent them in the district court; and

4) To treat indigent defendants differently and review the merits of appeals brought by defendants who were appointed counsel to represent them in the district court, but not to review the merits of appeals brought by defendants who seek in forma pauperis status for the first time on appeal.

Possibilities 2 and 4 are virtually unsupportable. To adopt number 2 would be to disregard F.R.A.P. 24 and 28 U.S.C. § 1915 completely, rendering them ineffective surplusage. As to number 4, there is simply no authority to be found supporting such a proposition, either in the statutes or in the caselaw. Possibilities 1 and 3 are supportable by argument.

### Number Three

This is the approach adopted by *Dangdee*.

It reasons that Rule 24(a) provides in pertinent part:

[A] party who has been permitted to proceed in an action in the district court in forma pauperis, *or who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case*, may proceed on appeal in forma pauperis without further authorization unless ... the district court shall certify that the appeal is not taken in good faith.... (emphasis added).

At first glance, the argument runs, the emphasized language seems to include defendants proceeding with CJA-appointed counsel. However, we are told, a closer analysis of the Rules in light of the provisions of the CJA reveals that Rule is not to be applied to such defendants.

It is clear from the Rule that certification by the court that an appeal is not taken in good faith means only that the defendant is not entitled to proceed IFP on appeal. Yet a defendant proceeding with CJA-appointed counsel may appeal without filing an IFP application under 28 U.S.C. § 1915(d). It therefore follows, the argument runs, that Rule 24 can have no application to a defendant proceeding under the CJA. Thus, the *Dangdee* court reasons something like this: Because one who received appointed counsel in the district court has, in effect, already been adjudged a pauper, no redetermination of pauper status pursuant to F.R.A.P. 24 need be made at the appellate level. Such a defendant has an automatic right to proceed on appeal without paying fees or costs. This is true. It does not follow, however, that such a defendant is automatically entitled to carry his appeal, whether frivolous or not, through to the end. The advisory committee notes to F.R.A.P. 24 address this issue directly. They make clear that, even though a redetermination of indigency is unnecessary, the system expressly "reserv[ed] to the district court its statutory authority to certify that the appeal is not taken in good faith, 28 U.S.C. section 1915(a)...." [4]

---

**4.** The argument is the same with respect to 18 U.S.C. section 3006A(d)(6) and 28 U.S.C. section 1915(a) and (d). That is, 18 U.S.C. section 3006A(d)(6) dispenses with the technical re-

quirement, for defendants with court-appointed counsel, of filing an in forma pauperis affidavit. It does not dispossess the district court of its authority to dismiss the case because it is friv-

The strongest argument for this result goes like this: For a defendant who is represented by court-appointed counsel, there is a built-in mechanism to prevent the bringing of frivolous appeals. The lawyer simply ought not do it. *See United States v. Edwards,* 777 F.2d 364, 365 (7th Cir. 1985) ("A lawyer, after all, has no duty, indeed no right, to pester a court with frivolous arguments, which is to say arguments that cannot conceivably persuade the court, so if he believes in good faith that there are no other arguments that he can make on his client's behalf he is honor-bound to so advise the court and seek leave to withdraw as counsel.") *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (requiring court-appointed lawyers who seek to withdraw as counsel on grounds that the appeal is frivolous to file a brief advising the court of the points that might be raised and why they are frivolous).

On the other hand, on this reasoning, it follows that for a defendant who retained a lawyer in the trial court and who seeks pauper status for the first time on appeal, there is no such mechanism. The defendant is either without a lawyer, leaving only the court to perform a review of the merits of his appeal, or he has hired a lawyer, who may have small interest in seeking to have the appeal dismissed as frivolous.

*Number 1*

While the foregoing is arguable—just—this is the proper result, not only as a matter of equity, but as a matter of law. There are essentially two distinct issues here. First, when and how often must a request to proceed in forma pauperis be made? Second, in what cases does the district court have the authority to dismiss an appeal brought by a criminal defendant who wishes to proceed as a pauper on the ground that the appeal is frivolous?

With regard to the first, the answer is: only once, *whenever the question first arises.* As F.R.A.P. 24 states:

[A] party who has been permitted to proceed in an action in the district court in forma pauperis, *or who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case,* may proceed on appeal in forma pauperis without further authorization.... (emphasis added).

That is, without a redetermination or "reauthorization" of pauper status. F.R. A.P. 24 must apply to criminal defendants who were appointed counsel in the district court. To whom else could the emphasized language apply?

■ Section 3006A(d)(6) of Title 18 and section 1915 of Title 28 only serve to confirm this, making clear that one for whom counsel is appointed in the district court need not make another showing of inability to pay at the appellate level. But that is all they do; they confer no right upon a defendant who proceeds with court-appointed counsel from the inception of his case which raises his appeal above that of a defendant who initially retains a lawyer and then runs out of money.

■ As for the second issue—the court's power to dismiss a frivolous appeal brought by *anyone*—the answer is, simply, in all cases. See Notes of Advisory Committees on Appellate Rules, F.R.A.P. 24. I note as well that Section 3006A(d)(6) simply does not give a defendant with court-appointed counsel a guaranteed right to appeal. And, finally, all that section 3006A(c) does is give such a defendant a right to continued *representation* on an appeal, if one there be. It does not create in him an automatic right to appeal.

Bearing the foregoing in mind, I turn at last to the two motions to be allowed an appeal at public expense that are pending before me. In each instance, I note that the trial judge has concluded that the appeal is frivolous and has for that reason certified that it is not taken in good faith. Such a certification by the trial judge is entitled to considerable weight, and I allow it that.

olous. 28 U.S.C. section 1915(a) [second para-graph] and (d).

■ Even so, I conclude that I am not engaged in reviewing that action of the trial judge for error by any standard, but am myself proceeding de novo. Rule 24, Federal Rules of Appellate Procedure, plainly contemplates successive and independent motions, first to the district court and (if desired) next to the appellate court, rather than an appeal from denial of the first motion.

■ *Boutwell*, in Cause No. 89–1783, complains only of the length of his sentence to three concurrent terms, two for 30–months on child pornography counts and one for 36–months for false statements in an application for a passport. The latter offense, however, carries a maximum term of 60–months and, because it was committed before November 1, 1987, is not subject to the guidelines. That being so, any reduction in Boutwell's sentence under the guidelines on counts one and two would not reduce his total jail time—the 36–month sentence on count three being ample to cover Boutwell's entire punishment. His appeal therefore cannot succeed and is frivolous.

■ As for Pritchett, Cause No. 89–1780, his appeal may have merit. Pritchett complains that he was sentenced according to a statement of facts which alleged an offense that carried a greater punishment than the offense to which he pled guilty—possession of one pound of controlled substance vs. possession of fifty pounds of controlled substance. I note in passing that if Pritchett actually *did* possess fifty pounds, his sentence may not have been in error. As is stated in the Commentary to guideline § 1B1.3, "in a drug distribution case, quantities and types of drugs not specified in the court of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the court of conviction." Commentary, Background, United States Sentencing Commission Guidelines Manual, page 1.20 (November, 1989). If, however, Pritchett actually possessed only one pound of controlled substance, his sentence may be excessive. For this reason I allow his appeal.

Defendants who may, in future, seek to bring their appeals at public expense should be warned, however, that absent a statement of sufficient specificity to enable the court to make a clear determination of the basis for the defendant's appeal, we give great deference to the district court's determination of frivolousness. We will no longer search for, nor create, a ground upon which a defendant's appeal might be considered non-frivolous, and, having no other guidance as to what the defendant might have meant, grant his appeal for fear of denying some valid claim that may be buried somewhere in vague words. Such a basis must be made plain in the motions and any relevant facts must be set forth.

It is so

ORDERED.