**UNITED STATES of America**

v.

**Dennis W. JACKSON**

**No. DR–02–CR–108(2).**

United States District Court,
W.D. Texas,
Del Rio Division.

Aug. 15, 2005.

Robert G. Arrambide, Assistant United States Attorney, Del Rio, TX, Counsel for Plaintiff.

Deborah Stanton Burke, San Antonio, TX, Counsel for Defendants.

### ORDER

LUDLUM, District Judge.

Pending before the Court in the above-styled and numbered cause is Dennis W. Jackson's ("Defendant") motion to proceed in forma pauperis ("IFP"). Based on the forthcoming reasons, the Defendant's motion is **DENIED**.

## I. BACKGROUND

The Defendant was sentenced on April 11, 2005, to 100 months; 5 years supervised release; and fined $3,000.00. On April 19, 2005, the Defendant filed a pro se notice of appeal and a motion to proceed IFP. Also, on April 19, 2005, Deborah Stanton Burke, who was retained counsel for the Defendant, filed a motion to withdraw as counsel, which this Court denied. The Court entered its judgment and commitment as to the Defendant on April 26, 2005. The Defendant has been free pending the self-surrender date that this Court prescribed to him.

## II. DISCUSSION

The Fifth Circuit has held that "one proceeding in forma pauperis is entitled to the same, but to no greater, rights as one financing his own defense; *that a bad faith appeal is a bad faith appeal whether publicly or privately financed;* and that therefore the same rules and requirements govern both . . . ." *United States v. Boutwell,* 896 F.2d 884, 885 (5th Cir.1990) (emphasis added); *contra United States v. Dangdee,* 608 F.2d 807 (9th Cir.1979) (holding that an individual with court-appointed counsel in district court is automatically entitled to counsel on appeal unless there is a change in their financial situation that would render them ineligible to continued representation). In *Boutwell,* the court shed light on what it found to be a perplexing axiom: Those who were appointed counsel during their trials, or were found to be paupers at the trial level, were automatically allowed to proceed IFP, and with counsel, in their appeal regardless of whether their appeal is frivolous or not, while those who had retained counsel during their trial and were now applying to proceed IFP for the first time on appeal are left to do so without the luxury of an attorney. The Fifth Circuit extinguished

those differences and issued the following warning to all future defendants:

> Defendants who may, in future, seek to bring their appeals at public expense should be warned, however, that absent a statement of sufficient specificity to enable the court to make a clear determination of the basis for the defendant's appeal, *we give great deference to the district court's determination of frivolousness.* We will no longer search for, nor create, a ground upon which a defendant's appeal might be considered non-frivolous, and, having no other guidance as to what the defendant might have meant, grant his appeal for fear of denying some valid claim that may be buried somewhere in vague words. Such a basis must be made plain in the motions and any relevant facts must be set forth.

*Boutwell,* 896 F.2d at 890 (emphasis added).

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The court in *Boutwell* asked itself "in what cases does the district court have the authority to dismiss an appeal brought by a criminal defendant who wishes to proceed as a pauper on the ground that the appeal is frivolous?" *Id.* at 889. The court responded that "the answer is, simply, in all cases." *Id.* (citation omitted). Under § 1915(e)(2)(A), a court may dismiss a case at any time if the court determines that the allegation of poverty is untrue. The Court, the Defendant, and Defendant's counsel, through information stated in the sealed presentence investigation report, are all aware that the Defendant has the ability to make payment and proceed with an appeal. Additionally, in his own IFP application, the Defendant affirms that he earns $500.00 a month, made $200.00 in the last twelve months from building a fence, and has $100.00 cash in hand or in a savings or checking account. (*See* Docket Entry # 244.) As mentioned *supra,* the Defendant is presently free and able to earn an income until his self-surrender date of July 12, 2006. Furthermore, the Defendant waived his right to appeal his sentence except for ineffective assistance of counsel or prosecutorial misconduct. The Fifth Circuit, as a general rule, declines to review claims of ineffective assistance of counsel on direct appeal, *see United States v. Gordon,* 346 F.3d 135, 136 (5th Cir.2003), and the Defendant makes no mention of any claim of prosecutorial misconduct in his appeal. The Defendant's motion to proceed IFP is frivolous and cannot in good faith be granted by this Court.

On another note, the reason the Court denied Defendant counsel's motion to withdraw from the case was to preserve the Defendant's ability to appeal his sentence within the ten days allotted by Fed. R. App. P. 4(b). Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." In dealing with the time restraints of Fed. R. App. P. 4(b)'s appellate procedure requirements, coupled with a defendant's constitutional right to appeal a sentence, a trial court does not have the ability to determine in a satisfactory manner whether an individual who once could afford to retain an attorney during the trial level can no longer do so when it comes time for an appeal. Therefore, this Court did not release counsel from its duty to represent the Defendant with regards to the filing of his notice of appeal.[1]

---

1. The Court is also very disturbed by what it observes to be a growing trend in the Del Rio Division of the Western District of Texas. Many retained attorneys are draining their clients financially, through and until the pleading and sentencing phases of cases, and then burdening the courts with their financially-diminished clients as wards of the courts for purposes of their appeals.

Counsel, however, chose to ignore this Court's attempt to make sure that the Defendant was able to exercise his constitutional right to appeal his sentence. Counsel never filed anything further on the Defendant's behalf and, from the looks of it, never assisted the Defendant in his attempt to perfect his appeal to the Fifth Circuit. What resulted is something that neither professional pride nor ethos should allow to occur regardless of whether a client has the continued ability to pay for legal services or not. In its notice to the Defendant, counsel admonished the Defendant that "as provided by Rule 6 of the Texas Rules of Appellate Procedure" he had until April 19, 2005, in which to file an appeal. Counsel must have forgotten about the concept of federalism when she gave the Defendant this specific advice. Federalism is the:

> recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.... What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments . . . .

*Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The result of counsel's mistaken belief that the great State of Texas's appellate procedure rules had any impetus on federal court proceedings was the Defendant's *pro se* notice of appeal, which reads as follows:

> Now comes DENNIS W. JACKSON, Defendant in the above styled and numbered cause, and gives this written notice of appeal to the Court of Appeals of the State of Texas from judgment of

conviction and sentence herein rendered against DENNIS W. JACKSON.

(Docket Entry # 243.)

In spite of counsel's disregard for this Court, lack of understanding of federalism, and erroneous advice, the Defendant was still able to preserve his right to appeal when he filed his motion. Unfortunately for the Defendant, his motion to proceed IFP is frivolous and not taken in good faith. This Court cannot certify to the Fifth Circuit that he be allowed to proceed IFP.

### III.   CONCLUSION

Based on the following reasons, it is hereby **ORDERED** that the Defendant's motion to proceed IFP is **DENIED**.