**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-10499
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OWEN DONOVAN POWELL

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-56-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

In our original panel opinion, filed on January 27, 2009, we denied Owen
Donovan Powell's motion for leave to proceed in forma pauperis (IFP) on appeal
and his motion for appointment of counsel. On reconsideration, the prior opinion
of the court is withdrawn and this opinion is substituted.

Powell's motion for the appointment of appellate counsel is GRANTED for
the limited purpose of assisting Powell in filing a motion for leave to proceed IFP
on appeal, under the Criminal Justice Act, 18 U.S.C. § 3006A, and in preparing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a detailed statement of the issues to be raised on appeal so as to permit this court to review the district court's determination that Powell's appeal is frivolous. *See Johnson v. United States*, 352 U. S. 565, 566 (1957); *United States v. Boutwell*, 896 F.2d. 884, 889-90 (5th Cir. 1990). Powell's motion to proceed IFP on appeal is DENIED WITHOUT PREJUDICE.

The court directs that, once counsel has been appointed and has filed any necessary transcripts with the court, *see* 28 U.S.C. § 3006A(a), (e)(2); 28 U.S.C. § 753(f), the clerk's office direct the appointed attorney to file, within 40 days of that time, a motion on Powell's behalf to proceed IFP on appeal together with a statement of the issues to be raised on appeal with a supporting brief. The court may then proceed to review the district court's determination that Powell's appeal is not taken in "good faith" and that Powell is thus not entitled to proceed IFP on appeal. *See Boutwell*, 896 F.2d 899-90.