**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-31183
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DEMETRIUS TERRELL WOODS

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:01-CR-313-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Demetrius Terrell Woods, represented by counsel appointed under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's certification that his appeal was not taken in good faith. Woods appeals from the denial of a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Woods was sentenced to 262 months of imprisonment for possession with intent to distribute crack cocaine. He was sentenced under the career offender

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

guideline, U.S.S.G. § 4B1.1, and not the crack cocaine guideline, § 2D1.1. He sought relief pursuant to recent amendments to the Sentencing Guidelines governing crack cocaine sentences. *See* U.S.S.G. app. C, amends. 706, 713.

Woods contends that *United States v. Booker,* 543 U.S. 220 (2005), *Kimbrough v. United States,* 128 S. Ct. 558 (2007), and *Gall v. United States,* 128 S. Ct. 586 (2007), apply to § 3582(c)(2) proceedings and that this court may review the denial of such motions for abuse of discretion.

We may deny an IFP motion in a criminal appeal brought by a defendant represented by appointed counsel when that appeal is frivolous and the district court has certified that it is not taken in good faith. *United States v. Boutwell,* 896 F.2d 884, 889–90 (5th Cir. 1990) (single-judge order). We conduct a de novo review to determine whether an appellant has identified a nonfrivolous appellate issue. *Id.* at 890. The investigation into the movant's objective good faith does not require that probable success on appeal be shown, but is limited to determining whether the movant raises arguable legal points. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). A showing that such arguable legal points exist is sufficient for this court to grant an IFP motion. *Id.*

The recent crack cocaine amendments did not affect the guideline range of imprisonment for defendants who were sentenced as career offenders. *See* U.S.S.G. app. C, amends. 706, 713; § 3582(c)(2) (stating that a term of imprisonment may be reduced if it is "based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines"); § 1B1.10 cmt. n.1(A) (stating that an amendment does not lower the applicable sentencing range because of the operation of another guideline or statute). The crack cocaine amendments did not provide the district court with the authority to lower Woods's sentence. *Booker, Kimbrough,* and *Gall* are Supreme Court cases and not retroactive amendments to the Guidelines; they have no applicability to cases that are not otherwise based on retroactive amendments. *See* § 3582(c)(2).

To the extent that Woods might be able to claim that the Federal Public Defender (FPD) operated under a conflict of interest violating any arguable right to counsel because he was on the panel that recommended the denial of his § 3582(c)(2) motion, he cannot demonstrate that any such conflict adversely affected the FPD's performance. *See Cuyler v. Sullivan,* 446 U.S. 335, 350 (1980). Because Woods was sentenced as a career offender and was not entitled to § 3582(c)(2) relief as a matter of law, the FPD's presence on the panel had no effect on his performance.

Woods's arguments are without arguable merit because he was sentenced as a career offender. His IFP motion is denied and his appeal is dismissed as frivolous. *See Boutwell,* 896 F.2d at 889–90.

IFP DENIED. APPEAL DISMISSED.