# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2010

No. 09-50925
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMMY GARCIA, also known as Spiderman,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CR-425-17

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Sammy Garcia moves for leave to proceed in forma pauperis (IFP) following the district court's certification that his appeal was not taken in good faith. Garcia appeals from the denial of his motion for a new trial pursuant to FED. R. CRIM. P. 33(b)(1), which was based on the drug conviction, more than three years after Garcia's trial, of a deputy sheriff who testified at his trial.

Garcia contends that the district court erred by denying his motion for a new trial because he had no opportunity to impeach the deputy with information

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

about the deputy's purchase of drugs from a confidential informant (CI); because the deputy's arrest cast doubt on his conviction by somehow proving that the deputy perjured himself at Garcia's trial when he testified as to seized weapons; and because the deputy's arrest somehow proved that he planted drugs in order to prosecute Garcia and other drug defendants. Garcia states that he is actually innocent on one count of conviction, and he suggests that the Government engaged in misconduct by using the deputy as a witness.

"This court reviews a denial of a motion for a new trial for abuse of discretion." *United States v. Franklin,* 561 F.3d 398, 405 (5th Cir.), *cert. denied,* 129 S. Ct. 2848, *and cert. denied,* 129 S. Ct. 2882 (2009).

> In order to receive a new trial on the basis of newly discovered evidence, the defendant must demonstrate that: (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal.

*Id.* (footnote, internal quotation marks, and citations omitted).

The record in the deputy's case indicates that the deputy engaged in criminal activity with one CI in early 2008. That is, however, all that the record in that case demonstrates. Garcia was convicted in 2005 of criminal conduct occurring between August 1, 1999, and August 1, 2004. *See United States v. Valles,* 484 F.3d 745, 750-51 (5th Cir. 2007). Garcia does not direct this court's attention to any evidence indicating that the deputy was engaged in criminal conduct or any noncriminal misconduct before his trial or at the time of his trial. To the extent evidence of the deputy's conviction could be considered to be "newly discovered evidence" at all, that conviction, without more, is not relevant to the issue whether the deputy committed perjury or testified inaccurately at Garcia's trial. To the extent that evidence of the deputy's conviction could be used to impeach his credibility in any new proceeding, impeachment evidence

2

does not serve as a basis for obtaining a new trial. *See Franklin,* 561 F.3d at 405. The denial of Garcia's new trial motion therefore was not an abuse of discretion. *See id.*

Garcia has failed to raise a legally nonfrivolous issue for appeal. His motion for leave to proceed IFP is denied. *See United States v. Boutwell,* 896 F.2d 884, 889-90 (5th Cir. 1990); *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. Finally, Garcia's motion for leave to file a supplemental brief is denied. *See* 5TH CIR. R. 28.4.

IFP DENIED. APPEAL DISMISSED. MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF DENIED.