# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2010

Lyle W. Cayce
Clerk

No. 08-51319
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICK JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-22-2

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Patrick Jones, federal prisoner # 83582-180, has moved to proceed in forma pauperis (IFP) in his appeal from the district court's grant of relief on his 18 U.S.C. § 3582(c)(2) motion. Jones was sentenced in 2007 to a 360-month term of imprisonment for his conviction of possession with intent to distribute at least five grams of crack cocaine within 1,000 feet of a junior college. The district court granted Jones's § 3582(c)(2) motion and reduced Jones's sentence of imprisonment to 324 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jones's IFP motion is a challenge to the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court may authorize Jones to proceed IFP on appeal if he is unable to pay the costs of the appeal and the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. 28 U.S.C. § 1915(a)(1). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of the appeal, does not require that probable success be shown. The inquiry is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Jones's IFP motion discusses only his lack of sufficient funds to pay the appellate filing fee. He has not identified any issue for appeal concerning the district court's disposition of his § 3582(c)(2) motion. Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Rule 28 of the Federal Rules of Appellate Procedure. *Grant v. Cuellar,* 59 F.3d 523, 524 (5th Cir. 1995).

Jones has failed to demonstrate that his appeal involves legal points arguable on their merits. *See Howard,* 707 F.2d at 220. Accordingly, his motion to proceed IFP on appeal is DENIED. Because the appeal is frivolous, it is DISMISSED. *See United States v. Boutwell,* 896 F.2d 884, 889-90 (5th Cir. 1990); 5TH CIR. R. 42.2.