DLD-298                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1955
_____

IN RE:  JUSTIN MICHAEL CREDICO,
                                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2-14-cr-00118-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 6, 2017
Before:  CHAGARES, VANASKIE, and KRAUSE, Circuit Judges

(Opinion filed: July 28, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Petitioner Justin Michael Credico filed a petition for a writ of mandamus on April

28, 2017, to "compel release of trial transcripts" in his criminal case.  Credico claimed

that for over two months, the District Court had failed to act on his motion for trial

transcripts.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

By order entered May 1, 2017, however, the District Court denied Credico's motion.[1] Thus, to the extent Credico sought an order directing the District Court to act on his motion, that request is now moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

To the extent that Credico's petition seeks an order compelling the District Court to release trial transcripts directly to him, we will deny his petition. A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted).

Credico has not made that showing here. In particular, Credico has not established a "clear and indisputable" constitutional or statutory right to have a personal copy of his trial transcripts. While the Constitution requires the Government to "provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal," the Government need not provide a transcript if there is an "adequate alternative." Britt v. North Carolina, 404 U.S. 226, 227 (1971). As Credico is represented by counsel, his attorney's access to the trial transcripts would appear to fulfill any need for the transcripts on direct appeal. Cf. Norvell v. State of Ill., 373 U.S. 420,

---

[1] The District Court determined that Credico's constitutional right to copies of his trial transcripts was satisfied by his attorney's access to the transcripts. Dkt. #222.

424 (1963) (if an indigent defendant is represented by counsel, the state "may rest on the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal").[2]  And although 28 U.S.C. § 753(f) provides that "[f]ees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A) . . . to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes," it does not clearly mandate that an indigent criminal defendant be given a *personal* copy of his trial transcripts when he is represented by counsel.  See also United States v. Dangdee, 608 F.2d 807, 810 (9th Cir. 1979) (noting that defendant represented by counsel appointed under 18 U.S.C. § 3006A was "entitled to have the trial transcript, or designated pertinent portions thereof, provided at government expense, *when ordered by appointed counsel*") (emphasis added).[3]

For the foregoing reasons, the petition for a writ of mandamus will be denied.

---

[2] This Court recently denied Credico's motion to proceed pro se on appeal.  See United States v. Credico, C.A. No. 17-1422 (order entered June 28, 2017).

[3] The Clerk recently entered an order advising counsel "that a CJA 24 must be filed with the District Court to obtain authorization for the remaining transcripts."  See United States v. Credico, C.A. No. 17-1422 (Clerk Order entered June 28, 2017).  This order contemplates that a copy of the trial transcripts will be provided at government expense to Credico's attorney, thus ensuring that the transcripts will be available for Credico's direct appeal.