# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2019

Lyle W. Cayce
Clerk

No. 19-60185
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES EDWARD FRYE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:01-CR-8-2

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

A jury convicted James Edward Frye, federal prisoner # 98362-024, of, inter alia, carjacking resulting in death. *United States v. Frye*, 489 F.3d 201, 205-14 (5th Cir. 2007). Frye now moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's order denying his motion, ostensibly brought under 18 U.S.C. § 3582(b), that sought relief from the life sentence imposed on his carjacking conviction under either 18 U.S.C. § 3742 or Federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule of Criminal Procedure 35 on the basis that the sentencing court committed plain error in calculating his guidelines sentencing range. By moving for leave to proceed IFP in this court, Frye is challenging the district court's ruling that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997); *United States v. Boutwell*, 896 F.2d 884, 889-90 (5th Cir. 1990). In resolving Frye's challenge, we confine our analysis of the issue of good faith to asking "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Frye fails to address the district court's determination that neither Rule 35 nor § 3742 furnishes him with a path to relief from his life sentence and that, as this court held earlier, his invocation of § 3742 is meaningless and unauthorized. *See United States v. Frye*, 741 F. App'x 257, 258 (5th Cir. 2018); *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). An issue must be briefed to be preserved. FED. R. APP. P. 28(a)(8). Frye does not satisfy this requirement, as he does not state "the reasons he deserves . . . relief" from the district court's IFP ruling. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see Boutwell*, 896 F.3d at 790. Because Frye has not shown that he will raise a nonfrivolous issue on appeal, his motion to appeal IFP is DENIED, and the appeal is DISMISSED. *See Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

This is the second appeal in which Frye urges meaningless, unauthorized claims that he is entitled to modification of his carjacking sentence. Consequently, Frye is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).