# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40583
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES GERARDO GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-2016-1

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Andres Gerardo Gonzalez, federal prisoner #28490-379, pleaded guilty to possession with intent to distribute 500 grams or more of methamphetamine and was sentenced to 210 months of imprisonment. Gonzalez now moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40583

Although it is not clear whether Gonzalez's notice of appeal was timely, the time limit for filing a notice of appeal in a criminal case is not jurisdictional and may be waived. *United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007). We therefore pretermit the issue whether his notice of appeal was timely filed. *See id.* at 389.

By moving for leave to proceed IFP in this court, Gonzalez is challenging the district court's ruling that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997); *United States v. Boutwell*, 896 F.2d 884, 889-90 (5th Cir. 1990). In resolving Gonzalez's challenge, we confine our analysis of the issue of good faith to asking "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Gonzalez fails to address the district court's reasons for its denial of his § 3582(c)(2) motion or his IFP motion. An issue must be briefed to be preserved. FED. R. APP. P. 28(a)(8). Gonzalez does not satisfy this requirement, as he does not state "the reasons he deserves . . . relief" from the district court's IFP ruling. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *see Boutwell*, 896 F.2d at 890. Because Gonzalez has not shown that he will raise a nonfrivolous issue on appeal, his motion to appeal IFP is DENIED, and the appeal is DISMISSED. *See Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.