Carl D. POTNICK, Plaintiff-Appellant,

v.

EASTERN STATE HOSPITAL,
Defendant-Appellee.

Carl D. POTNICK, Plaintiff-Appellant,

v.

SUFFOLK POLICE, Defendant-Appellee.

No. 498, Docket 82–7076.

United States Court of Appeals,
Second Circuit.

Argued Jan. 20, 1983.

Decided Feb. 28, 1983.

Thomas J. Moloney, New York City, for plaintiff-appellant.*

Before MANSFIELD and MESKILL, Circuit Judges, and NEAHER,** Senior District Judge.

* Counsel assigned by this Court for purposes of this appeal after another panel of the Court had granted plaintiff leave to appeal *in forma pauperis.*

** Honorable Edward R. Neaher, Senior District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

PER CURIAM:

■ Appellant, as plaintiff *pro se,* sought to file two complaints in the United States District Court for the Southern District of New York, each alleging violations of his civil rights by the named defendants. Claiming inability to pay the required filing fees, appellant applied for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The district court denied both applications initially and on reconsideration, concluding that appellant's affidavit of current income and assets warranted a finding "that the costs of filing and of serving the complaint would not bar access to this court." Our review of the record leads us to conclude that it was an abuse of discretion to deny appellant the relief sought. We therefore reverse and remand both cases for further proceedings not inconsistent with this opinion.

The fee for filing a civil action in the district court is $60. Unless granted leave to proceed *in forma pauperis,* appellant would have had to pay $120 to file his two complaints. His initial application for such leave listed a monthly income of $181 in welfare benefits, $41 in food stamps, a checking account balance of $59.77 and a 1974 Buick on which he owed $3600. In his motion for reconsideration, plaintiff added that he had debts, largely medical bills, totalling more than $10,000 and that his checking account balance was not additional savings but only a portion of his stated welfare benefits which he used to pay bills.

■ Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co., Inc.,* 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948). Plaintiff's monthly benefits are significantly below poverty level, and his income, minimal bank account balance, and substantial debt reflect greater financial hardship than has been presented in many successful *in forma pauperis* applications in the Southern District of New York.[1] We therefore conclude that plaintiff's financial condition warrants *in forma pauperis* status. *See, e.g., In re Smith,* 600 F.2d 714, 715–16 (8th Cir.1979).

■ In reaching our conclusion we are not unmindful of the mounting concern over the ever-increasing caseload burdening the federal courts, and the growing view that judges must be alert to prevent the dissipation of limited judicial resources on claims that are frivolous or are brought in bad faith. The learned district judge may well have been concerned that granting the relief sought here would accomplish nothing, since the defendants sued appear to be residents of Virginia who would not be subject to the jurisdiction of the Southern District of New York. The statutory scheme recognizes, however, that whether a plaintiff qualifies for *in forma pauperis* status and whether his claims have merit present two distinct issues. 28 U.S.C. §§ 1915(a) and (d). *See, e.g., Mitchell v. Beaubouef,* 581 F.2d 412, 415 (5th Cir.1978), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979); *Gift Stars, Inc. v. Alexander,* 245 F.Supp. 697, 702 (S.D.N.Y.1965). If the plaintiff demonstrates poverty, he should be permitted to file his complaint *in forma pauperis.* Then the court may properly consider dismissing the complaint as frivolous.

This two-step procedure is preferred for several reasons. By separately addressing the merits of the complaint, the court affords a plaintiff the opportunity to correct any defects. *See Mitchell, supra,* 581 F.2d at 416. Also, if the district court orders service and receives the defendant's response, it will benefit from a more complete record and may avoid premature determinations. *See, e.g., Fries v. Barnes,* 618 F.2d 988, 989 (2d Cir.1980). Finally, a delineation based on frivolity under § 1915(d) provides a clearer record for appellate review. *See Crisafi v. Holland,* 655 F.2d 1305, 1310 (D.C.Cir.1981).

Reversed and remanded.

---

1. See Brief for Appellant, Appendix B.