**SEARS, ROEBUCK AND CO.,**
**Plaintiff–Appellee,**

v.

**CHARLES W. SEARS REAL ESTATE, INC., dba Sears Real Estate and Charles W. Sears, Defendants.**

**Appeal of Charles W. SEARS, Defendant–Appellant.**

**No. 496, Docket 88–7613.**

United States Court of Appeals, Second Circuit.

Submitted Dec. 13, 1988.
Decided Dec. 27, 1988.

Charles W. Sears, Utica, N.Y., pro se.

William R. Hansen, Mary Gronlund, Nims, Howes, Collison & Isner, New York City, for plaintiff-appellee.

Before VAN GRAAFEILAND, MESKILL and MINER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Northern District of New York, Munson, C.J., dated June 23, 1988, 686 F.Supp. 385. Appellant *pro se* Charles W. Sears contends that the district court erred in denying him leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (1982) and in denying appointment of counsel under 28 U.S.C. § 1915(d).

The judgment is affirmed.

■ An interlocutory appeal may be taken from an order denying leave to proceed *in forma pauperis* under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See, e.g., Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.1987); *Potnick v. Eastern State Hospital*, 701 F.2d 243 (2d Cir.1983). The district court's decision that Sears was not indigent, and therefore that he was not entitled to proceed *in forma pauperis*, was not erroneous. Sears estimates his net income at approximately $20,000. We cannot say that the district court erred in holding that Sears did not establish indigence. Although section 1915 does not require a party to prove destitution, Sears has not demonstrated the poverty found in cases, such as *Potnick*, that have granted *in forma pauperis* status.

■ The district court's decision not to request counsel for Sears, however, is not a final decision under 28 U.S.C. § 1291 (1982) or the *Cohen* collateral order doctrine, and therefore it normally would not be appealable. *See Welch v. Smith*, 810 F.2d 40 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987); *Miller v. Pleasure*, 425 F.2d 1205 (2d Cir.), *cert. denied,* 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970).

In the interest of judicial economy, however, we reach the merits of this issue. *See Barhold v. Rodriguez*, 863 F.2d 233, 237 (2d Cir.1988). The same factors that the district court weighed in determining whether to grant Sears *in forma pauperis* status are relevant to its decision on appointment of counsel. As we must examine the one issue, we see no reason to delay decision on the other, where both questions involve an examination of the financial resources available to the party seeking relief. Consequently, we will decide the question of the right to appointed counsel.

■ Under section 1915(d), the trial judge has "[b]road discretion ... in deciding whether to appoint counsel." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Although Chief Judge Munson addressed the *in forma pauperis* issue without identifying the factors he considered in denying appointment of counsel, it is clear that the statute only allows appointment where a litigant is indigent. *See id.* (section 1915(d) provides "indigents" with meaningful access to the courts). We review a decision under section 1915(d) for abuse of discretion. *See Oliva v. Heller,*

839 F.2d 37, 40 (2d Cir.1988); *Hodge,* 802 F.2d at 60. Chief Judge Munson held that Sears is not indigent in the sense contemplated by section 1915; as this decision was not erroneous, *see supra,* the decision not to appoint counsel for Sears was not an abuse of discretion.

We have considered appellant's other contentions and find them to be without merit.

For the foregoing reasons, we affirm the order of the district court.