**Kenneth C. MERTZ, Plaintiff,**

v.

**UNITED STATES CUSTOMS SERVICE, Defendant.**

Court No. 89–11–00639.

United States Court of International Trade.

Oct. 1, 1990.

Kenneth C. Mertz, pro se.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty.–in–Charge, Intern. Trade Field Office, Commercial Litigation Branch, New York City (Barbara M. Epstein, Washington, D.C., on the motion), for defendant.

### MEMORANDUM OPINION AND ORDER

RE, Chief Judge:

Plaintiff moves for an order permitting him to proceed with this action *in forma pauperis* and for appointment of counsel pro bono, pursuant to 28 U.S.C. § 1915(d). The defendant takes no position on plaintiff's motion and defers to the discretion of the court.

A court of the United States may permit a party to proceed with litigation *in forma pauperis*, that is, "without prepayment of fees and costs or security," if the party shows by affidavit the inability to pay the costs or to give security. *See* 28 U.S.C. § 1915(a) (1988).

Section 1915(d) also provides that "[t]he court may request an attorney to represent any such person unable to employ counsel...." Counsel who are appointed to represent litigants who sue *in forma pau-*

*peris* contribute their services without charge.

In support of his allegation of poverty, plaintiff submits an affidavit showing that he is presently employed at an annual salary of approximately $30,000. The affidavit also shows that he owns stocks and bonds with an approximate value of $15,000, a house and lot with a value of $46,000, and an automobile valued at $12,000.

Although section 1915 does not require a party seeking to proceed *in forma pauperis* to prove destitution, plaintiff has not demonstrated the degree of poverty found necessary in cases that have granted *in forma pauperis* status. *See, e.g., Potnick v. Eastern State Hosp.*, 701 F.2d 243 (2nd Cir.1983), in which the district court denied the plaintiff's motion to proceed *in forma pauperis*. In reversing, the appellate court noted that the plaintiff had "a monthly income of $181 in welfare benefits, $41 in food stamps, a checking account balance of $59.77 and a 1974 Buick on which he owed $3600." *Id.* at 244.

In *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22 (2nd Cir.1988), the district court denied the defendant's motion to proceed *in forma pauperis*. The district court stated that the pro se defendant, who estimated his net income at approximately $20,000, had failed to establish indigence. *See id.* at 23.

On appeal, in affirming, the Court of Appeals for the Second Circuit concluded that the defendant "has not demonstrated the poverty found in cases, such as *Potnick*, that have granted *in forma pauperis* status." *See id.* The appellate court held that, since section 1915(d) allows appointment of counsel only when a litigant is indigent, the district court did not err in denying the defendant *in forma pauperis* status. Hence, the Court of Appeals for the Second Circuit affirmed the decision of the district court.

In this case, plaintiff's affidavit negates the degree of poverty or indigence necessary to proceed *in forma pauperis*. Hence, plaintiff's motion to proceed *in for-*

*ma pauperis*, and for appointment of counsel pro bono, is denied.