956 F.2d 268
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barry BLEVINS, Plaintiff-Appellant,
v.
The CITY OF OLIVE HILL, KENTUCKY; Jim Short, in His
Capacity as Mayor of the City of Olive Hill,
Kentucky, Defendants-Appellees.
 No. 91-5812.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1992.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Barry Blevins, a Kentucky citizen, appeals through counsel the district court's order which denied his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) in a civil rights action under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellant has also waived oral argument.
 
 
 2
 Blevins tendered a complaint seeking declaratory, injunctive and monetary relief, alleging that the defendants were refusing to provide him with utility services in violation of his due process and equal protection rights, on some property which he had arranged to purchase that had an outstanding bill from a previous owner. He also tendered an application to proceed in forma pauperis, and an affidavit which stated that the monthly income for his family of three consisted of over $700 in Social Security disability payments and food stamps, and that his expenses approximately equalled his income. The district court denied the application to proceed in forma pauperis, noting that if Blevins could afford to purchase some real property he should be able to pay the $120 filing fee. Blevins then moved to amend the order under Fed.R.Civ.P. 52(b), explaining that he had arranged to purchase the property in question for $100 per month, which was less than his current rent. He stated that a relative was currently making the payments for him, for which he was incurring debt. The district court denied the motion to amend the order denying pauper status, and this appeal followed. Blevins continues to assert that he is entitled to pauper status.
 
 
 3
 Upon review, it is concluded that the district court abused its discretion in denying the application to proceed in forma pauperis. A plaintiff need not demonstrate absolute destitution in order to qualify for pauper status. See Potnick v. Eastern State Hospital, 701 F.2d 243, 244 (2d Cir.1983) (per curiam). In this case, the district court legitimately questioned the original application based on the facts stated in the complaint. However, Blevins then explained the modest terms under which he had arranged to purchase the property in question. His affidavit and explanation were sufficient to demonstrate that he could not afford to pay the filing fee without depriving his family of necessities. Accordingly, the district court's order is vacated and this case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.