101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Johnathan JOHNSON, Plaintiff-Appellant,
v.
Officer SOKOL; Officer Pryor; Officer Nieves; Officer
Reteguiz, Corrections Officers, Queens House of
Detention, Defendants-Appellees.
 No. 95-2658.
 United States Court of Appeals, Second Circuit.
 April 19, 1996.
 
 APPEARING FOR APPELLANT: Johnathan Johnson, pro se, Comstock, NY.
 APPEARING FOR APPELLEES: John Hogrogian, Assistant Corporation Counsel for the City of New York, New York, NY.
 E.D.N.Y.
 AFFIRMED.
 PRESENT: MINER, WALKER and LEVAL, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was submitted.
 
 
 4
 Plaintiff-appellant Johnathan Johnson appeals pro se from a judgment entered in the United States District Court for the Eastern District of New York (Wolle, J.), after a jury trial, dismissing his civil rights action.
 
 
 5
 On May 18, 1988, Johnson filed a pro se complaint, pursuant to 42 U.S.C. § 1983, against New York City corrections officers Thomas Sokol, Vincent Pryor, and an unknown officer.[1] In his complaint, Johnson sought damages for injuries that he sustained on April 28, 1988, when his nose was broken during a scuffle with defendants while he was in the receiving room of the Queens House of Detention. On February 4, 1993, Johnson filed a second amended complaint naming corrections officer Jose Reteguiz as a fourth defendant.
 
 
 6
 On June 10, 1993, Johnson filed a motion for assignment of counsel, which was denied by the district court without prejudice to renewal. Following discovery, a jury trial commenced on August 21, 1995.
 
 
 7
 At trial, Johnson testified that, on April 28, 1988, he and other inmates were being held in the "bullpen" after being transferred back to their facility from court. When a female corrections officer walked past them, one of the inmates called her a "crack head bitch." According to Johnson, the female corrections officer accused him of making the comment and reported the incident to the defendants. Johnson testified that Reteguiz came and unlocked the door to the bullpen, and when Johnson stepped out, Reteguiz punched him in the face. Johnson further testified that as he "stooped down" after the punch, he was pulled to the floor where the defendants kicked and punched him. Johnson alleges that he received a broken nose as a result of Reteguiz' punch.
 
 
 8
 In sharp contrast to Johnson's version of the incident, the defendants each testified that Johnson was the instigator of the scuffle. According to each of the defendants, Johnson was acting in a "loud and boisterous" manner in the bullpen and when the defendants came to quell the disturbance, Johnson went after Reteguiz, who then, in self-defense, hit Johnson in the face.
 
 
 9
 At the conclusion of the trial, the jury reached a verdict in favor of all defendants and judgment was entered on August 24, 1995. On August 25, 1995, Johnson filed a notice of appeal.
 
 
 10
 On appeal, Johnson contends that the district court erred in not appointing counsel for him at trial. We reject this contention.
 
 
 11
 Pursuant to 28 U.S.C. § 1915(d), "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case ... if satisfied that the action is frivolous or malicious." We review a district court's decision denying appointment of counsel under § 1915(d) for abuse of discretion. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir.1988). The threshold requirement for appointment of counsel is the likelihood of success on the merits, Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir.1994), and "[b]ald assertions" by the litigant, that may place a fact in issue and avoid summary judgment, fall short of this requirement, Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989).
 
 
 12
 As of the date of the order denying Johnson's motion for appointment of counsel, Johnson's only submissions to the district court were his own "bald assertions" regarding the merits of his claim. Furthermore, following the initial denial, Johnson had the opportunity to renew the motion upon a showing of likely merit, but chose not to do so. Accordingly, the district court properly exercised its discretion in denying Johnson's motion for appointment of counsel.
 
 
 13
 We have considered Johnson's remaining contentions, and we find them all to be without merit.
 
 
 
 [1]
 By order of the district court, Officer Neives was added as a party and served on April 22, 1991 because Johnson had identified him as the third officer involved in the alleged assault. It later was revealed that Reteguiz, not Neives, was the unknown officer. However, there is no indication that Neives was dismissed from the case