**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Felix Rendon OSUNA, Defendant–Appellant.**

**No. 98–5005.**

United States Court of Appeals, Tenth Circuit.

Decided April 22, 1998.

---

Before PORFILIO and BRISCOE, Circuit Judges.

## ORDER

This direct criminal appeal is before the court on appellant Felix Rendon Osuna's Motion to Dismiss, which was filed in response to the district court's denial of appellant's Application for Leave to Proceed Without Prepayment of Fees and Costs ("Application"). We deny appellant's motion to dismiss without prejudice, vacate the district court's order denying the Application, and remand this appeal to the district court for the limited purpose of reconsideration of the Application in light of this order.

## Background

Mr. Osuna was represented by retained counsel at trial. Subsequent to filing his notice of appeal in this matter, Mr. Osuna's trial counsel submitted the Application for Leave to Proceed Without Prepayment of Fees and Costs to the district court, "pursuant to § 1915." The district court denied the Application, stating:

> At this point, the Court notes that Osuna has provided the proper financial records with his motion. However, this does not conclude the Court's inquiry. The Court may dismiss an *in forma pauperis* motion *sua sponte* as frivolous when said motion is "based on an indisputably meritless legal theory or if it is founded on clearly baseless factual contentions." *Schlicher v. Thomas,* 111 F.3d 777, 779 (10th Cir.1997) (citations omitted); *see* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

*United States v. Osuna,* No. 97–CR–110–C (N.D. Okla. Order filed Feb. 18, 1998) at 2.

While the district court was considering his Application, Mr. Osuna submitted motions to this court for free transcripts, for permission for trial counsel to withdraw, and for appointment of counsel on appeal. In light of the district court's order, this court denied these motions without prejudice to renewal, and ordered Mr. Osuna to submit a motion "for leave to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915;" to pay the filing fee, notify the court

that he had retained substitute counsel, and submit a transcript order form; or to pay the filing fee, notify the court that he wished to proceed pro se, and submit a transcript order form. Instead, Mr. Osuna filed a motion to dismiss, stating that he could not afford to prosecute the appeal.

### Discussion

■ *"In forma pauperis"* and "ifp" are commonly used in the federal courts to refer generically to parties who are proceeding in actions without the benefit of sufficient funds to prepay costs and fees or to pay for the representation of an attorney. However, use of the terms *"in forma pauperis"* and "ifp" must be interpreted with care. Requests for representation in criminal matters, including direct criminal appeals and the ancillary costs and fees attendant with an appeal, fall under the standards and procedures set forth under the Criminal Justice Act, 18 U.S.C. § 3006A, rather than those set forth in 28 U.S.C. § 1915.

■ 28 U.S.C. § 1915 sets forth the procedures and standards for proceeding in the federal courts *in forma pauperis.* Subsection (a) specifically states that its provisions apply to both civil and criminal actions, defenses, and appeals. That said, however, various provisions of section 1915 have been carved out as inapplicable to direct criminal cases. Most importantly, the provisions of section 1915 which were revised as part of the Prisoner Reform Litigation Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (Apr. 26, 1996)("PLRA"), apply only to civil actions and appeals. *See, e.g., United States v. Simmonds,* 111 F.3d 737 (10th Cir.1997).

In contrast, 18 U.S.C. § 3006A of the Criminal Justice Act, sets forth the procedures and standards by which financially eligible criminal defendants, in a wide variety of defined criminal proceedings, may be provided with counsel in furtherance of their Sixth Amendment right to counsel. Section 3006A(c) provides that "[i]f at any stage of the proceedings, including an appeal, the United States magistrate or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b)

and authorize payment as provided in subsection (d), as the interests of justice may dictate."

■ A different financial standard applies under section 3006A than is used in section 1915 analysis. The standard for eligibility for section 3006A appointment is not indigence, but rather whether the party is "financially unable to obtain counsel." *United States v. de Hernandez,* 745 F.2d 1305, 1310 (10th Cir.1984); *see also* VII *Guide to Judiciary Policies and Procedures,* chap. II, § 2.04 (specific standards for financial eligibility for appointment of counsel). .

Eligibility for representation pursuant to section 3006A in a direct criminal appeal affects other fees and costs. For example, "[i]f a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefore and without filing the affidavit required by section 1915(a) of title 28." 18 U.S.C. § 3006A(d)(6). And, "[i]n order to obtain necessary parts of the transcripts, or, if required, the entire transcript, in a direct appeal in a case in which counsel is assigned pursuant to the Criminal Justice Act, *neither the Act nor Section 735(f) of title 28 … requires the signing of a pauper's oath or certification by the Court that the appeal is not frivolous."* VII *Guide to Judiciary Policies and Procedures,* chap. III, § 3.12(A)(2)(emphasis added).

The appeal before us is a clear example of the tangle in which district courts and courts of appeal become enmeshed if we do not separate requests for appointment of counsel in direct criminal appeals from the standards of 28 U.S.C. § 1915. Although the matter before us is a direct criminal appeal, both the district court and this court referred to the Application as proceeding "pursuant to § 1915." The district court cited a section 1983 prisoner civil rights case, *Schlicher v. Thomas,* 111 F.3d 777 (10th Cir.1997), to which the provisions of PLRA do apply, as precedent for applying the section 1915 frivolousness standard in this direct criminal appeal, to which the provisions of PLRA do not apply.

We agree with the Ninth Circuit that the right to representation in a direct criminal appeal pursuant to 18 U.S.C. § 3006A is not subject to the district court's determination of frivolousness. *United States v. Dangdee*, 608 F.2d 807 (9th Cir.1979), *contra United States v. Boutwell*, 896 F.2d 884, 889 (5th Cir.1990)(finding of frivolousness of appeal by district court eliminates right to appointed counsel on appeal, even in § 3006A context). We note appellate counsel's obligation to notify the court that an appeal is frivolous. *See, e.g., Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The determination of the frivolousness of a direct criminal appeal is the responsibility of the court of appeals in its determination on the merits of the appeal. To reiterate, the standards of 28 U.S.C. § 1915 do not apply to applications to proceed without prepayment of fees and costs, or for appointment of counsel, in direct criminal appeals.

### Conclusion

We deny appellant's motion to dismiss without prejudice, vacate the district court's order denying Mr. Osuna's Application to proceed on appeal without prepayment of fees or costs, and remand this appeal to the district court for the limited purpose of reconsideration of appellant's Application in light of this order.