**Basil J. MARCEAUX, Plaintiff–Appellant,**

v.

**DEMOCRATIC PARTY, Defendant–Appellee.**

No. 03–5510.

United States Court of Appeals, Sixth Circuit.

Oct. 28, 2003.

Basil J. Marceaux, pro se, Soddy Daisy, TN, for Plaintiff–Appellant.

Before: MOORE and ROGERS, Circuit Judges; and FORESTER, District Judge.*

*ORDER*

Basil J. Marceaux, a Tennessee resident, appeals pro se a district court order denying his motion to reconsider an order denying him pauper status. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Marceaux, who describes himself as a Libertarian candidate for governor, submitted a complaint seeking to enjoin members of the Democratic party from reciting the pledge of allegiance. He moved for pauper status. The district court denied the motion for pauper status and Marceaux's motions to reconsider the denial. This appeal followed.

This court reviews an order denying pauper status for an abuse of discretion. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir.1988). An abuse of discretion will be found where the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

The documents submitted in support of Marceaux's application for pauper status indicate that he lives in a house, but has no rent or mortgage payment, that he owns a car which is apparently paid for, and that his spouse receives Social Security disability. Marceaux states that he pays a phone bill, and earns $250 per month selling plasma, which he uses to buy gasoline, orange juice, and snacks. Because Marceaux has no room and board expenses, owns a car, and is able to spend his income on completely discretionary items, the district court did not abuse its discretion in concluding that he could afford to pay the filing fee for this action without undue hardship. *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir.1988).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.