Slip Op. 06 - 173

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - - X

FORMER EMPLOYEES OF FAIRCHILD SEMI- :
CONDUCTOR CORP.,
                                       :
                    Plaintiffs,
                                       :
          v.                                Court No. 06-00215
                                       :
UNITED STATES SECRETARY OF LABOR,
                                       :
                    Defendant.
                                       :
- - - - - - - - - - - - - - - - - - - - X


Memorandum & Order

[Motion for leave to proceed
 *in forma pauperis* denied.]

                              Dated:  November 21, 2006


       Robert R. Petruska, *pro se*.

       Peter D. Keisler, Assistant Attorney General; David M. Cohen,
Director, Patricia M. McCarthy, Assistant Director, Commercial
Litigation Branch, Civil Division, U.S. Department of Justice
(Jeffrey S. Pease); and Office of the Solicitor, U.S. Department of
Labor (Vincent Costantino), of counsel, for the defendant.


          AQUILINO, Senior Judge:  In this action, deemed commenced
pursuant to 28 U.S.C. §§ 1581(d)(1), 2631(d)(1) for judicial review
of the Negative Determinations Regarding Eligibility To Apply for
Worker Adjustment Assistance And Alternative Trade Adjustment
Assistance of the Employment and Training Administration ("ETA"),

U.S. Department of Labor, TA-W-58,624 (Feb. 28, 2006), comes forth one Robert R. Petruska, *pro se*, designating himself "the key contact person for the Fairchild appealing group" of workers comprising the putative plaintiff class and filing a form Motion For Leave to Proceed in Forma Pauperis.

That form specifies that the motion is made pursuant to 28 U.S.C. §1915(a) for an order permitting prosecution of this action without prepayment of fees and costs or the giving of security therefor and also pursuant to 28 U.S.C. §1915(e) "for an order appointing counsel to serve without fee and to represent him in this action." The form is accompanied by a form affidavit in support of the motion that sets forth interrogatories to be answered by the affiant as to (1) present employment; (2) any income within the past twelve months from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, or other source; (3) cash or checking or savings accounts; (4) ownership of real estate, stocks, bonds, notes, automobiles, or other valuable property; and (5) dependents. In this instance, affiant plaintiff Petruska has answered (1) and (5) in the negative and the other three questions in the affirmative, providing dollar amounts for unemployment compensation, interest, dividends, bank checking, money-market and savings accounts, stocks, and valuable personal property.

Unfortunately, those figures do not add up to the relief requested. That is, this court has sought the guidance of other cases involving a similar request. In Former Employees of Gateway Country Stores LLC v. Chao, CIT No. 04-00588, Former Employees of Sonoco Prods. Co. v. U.S. Sec'y of Labor, CIT No. 02-00579, and Former Employees of Tyco Elecs., Fiber Optics Div. v. U.S. Dep't of Labor, CIT No. 02-00152, for example, leave to proceed *in forma pauperis* was granted -- based upon reported, minimal assets nowhere near those of plaintiff Petruska. In Mertz v. U.S. Customs Service, 14 CIT 679, 680, 746 F.Supp. 1107, 1108 (1990), on the other hand, assets totaling approximately $73,000.00 (with $58,000 of that value consisting of real property and an automobile), combined with an annual salary of approximately $30,000, were held to "negate[] the degree of poverty or indigence necessary to proceed *in forma pauperis*." Suffice it to state herein that the form affidavit in support of the motion at bar for leave to so proceed reports assets well in excess of the total value in Mertz, with a much greater percentage apparent liquid assets, albeit without any indicated salary at the time of its execution.

Of course, the Mertz and other courts have pointed out that the underlying statute does not require a movant to prove destitution before the requested leave can be granted. E.g., Potnick v. Eastern State Hospital, 701 F.2d 243 (2d Cir. 1983).

Nor does a movant have to be a "prisoner", as defined in 28 U.S.C. §1915(h), although that status is and has been the primary focus of the statute.  Moreover, contrary to the implication of the form motion, subsection 1915(e) only provides that a court "may request an attorney to represent any person unable to afford counsel", not appoint a lawyer to serve without fee.

In necessarily hereby denying *pro se* plaintiff Petruska's Motion For Leave to Proceed in Forma Pauperis in the light of the foregoing, the court can confirm receipt for this kind of action of the nominal filing fee of $25 and also its commitment

> to review this appeal fairly . . . and reply in a timely ma[nn]er as this [ETA] decision affects further participation in job training and unemployment compensation opportunities[,]

to quote from his articulate, written submission on the precise nature of the plaintiff group of workers' appeal.

To this end, the plaintiffs may have until December 29, 2006 to present or re-present in writing their arguments in support of their requested relief on the merits.  If there is any such additional written submission, the defendant may respond thereto on or before January 26, 2007.

So ordered.

Dated:  New York, New York
        November 21, 2006

                                /s/Thomas J. Aquilino, Jr.
                                      Senior Judge