**Richard J. TINDAL, Plaintiff–Appellant,**

**v.**

**Glenn S. GOORD, Lester N. Wright, Holly A. Collett, Anthony J. Annucci, N.P. Heman Fowler, Floyd Bennet, Elmira Correctional Facility, Robert Macomber, PA, Dr. Northrop, Southport C. F., Michael McGinnis, Pang Kooi, M.D., Bill Robinson, John Burge, Supt., Virginia Androski,**

**Thomas Poole, Supt., N. Bradt, Acting Supt., John Alves, Anthony Graceffo, Bernard O'Bremski, Nurse Administrator, Defendants–Appellees.**

**No. 08–0544–pr.**

United States Court of Appeals, Second Circuit.

July 15, 2009.

Richard J. Tindal, Moravia, NY, pro se.

Barbara D. Underwood, Nancy A. Spiegel, David M. Finkelstein, Attorney General's Office, State of New York, for Andrew M. Cuomo, The Capitol, Albany, NY, for Appellees.

PRESENT: ROGER J. MINER and DEBRA ANN LIVINGSTON, Circuit Judges, DAVID G. TRAGER,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Richard J. Tindal ("Tindal"), *pro se,* appeals from a summary judgment entered in the United States District Court for the Western District of New York (Larimer, J.), dismissing Tindal's claim of deliberate indifference made pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the facts and procedural history of this case.

■ We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan,* 511 U.S. 825, 834–35, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Supreme Court has explained that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Only such indifference that can "offend 'evolving standards of decency' " violates the Eighth Amendment. *Id.* Here, Tindal's claim challenged the propriety of the diagnosis and treatment he received for a sexually transmitted disease or bacterial infection. However, Tindal provided no evidence to prove that he suffered from a sexually transmitted disease, namely, syphilis, and further, does not deny that he received treatment on various occasions for a bacterial infection. In any case, his claim is in the nature of medical malpractice, rather than deliberate indifference. *See Hernandez v. Keane,* 341 F.3d 137, 149 (2d Cir.2003) (stating that "findings of negligence or malpractice" are not "relevant" to a Section 1983 deliberate indifference claim); *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treat-

---

* The Honorable David G. Trager, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

ment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."). Indeed, the record, including Tindal's allegations in the Amended Complaint, indicates that he received a great deal of medical consultation, testing, and treatment. *See, e.g.*, Amended Complaint, ¶¶ 5–6, 23 (stating that Tindal was seen by Dr. Kooi at least ten times between September 4, 2004 and November 8, 2005, and by Dr. Fowler at least four times between October 17, 2002 and February 12, 2003); App. 103, 105, 111, 117, 120, 123 (test results); 98–102 (records indicating that Tindal was prescribed antibiotics six times from November 2002 through August 2003).

█ In addition, as Tindal's underlying claim was without merit, the district court did not abuse its discretion in refusing to appoint counsel. *See Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir.1988); *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172–74 (2d Cir.1989) (holding that movant must satisfy a threshold requirement that the case has "likely merit" before counsel is appointed). Furthermore, Tindal provided no substantiation for the assertion that the documents he requested actually existed and, thus, the district court did not abuse its discretion in denying his multiple motions to compel. *See Belfiore v. New York Times Co.*, 826 F.2d 177, 183 (2d Cir.1987). Finally, we do not address Tindal's claims raised in his "Addendum to 1983 Petition," as such claims were not addressed by the district court. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

We have reviewed Tindal's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.