**Luis R. COTTO, Appellant**

v.

**Franklin J. TENNIS; The District Attorney of the County of Erie, PA.**

**No. 09–4419.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and

Consideration of Whether a Certificate of Appealability is Required Feb. 4, 2010.

Opinion filed: March 4, 2010.

Luis R. Cotto, Bellefonte, PA, pro se.

Office of District Attorney, Erie, PA, for Appellee.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Luis Cotto appeals *pro se* from the District Court's order denying his motion for leave to proceed *in forma pauperis* ("IFP"). We will affirm. *See* 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

Cotto instituted this action by submitting a petition for a writ of habeas corpus to the District Court along with a motion for leave to proceed IFP. The filing fee for the habeas petition is $5.00. *See* 28 U.S.C.

§ 1914(a). A Magistrate Judge recommended that the District Court deny the IFP motion because Cotto's prison account statement showed an average monthly balance of $56.43, which "far exceeds" the $ 5.00 filing fee. Cotto objected on the sole ground that the Magistrate Judge wrongly identified the institution in which he is incarcerated, but did not otherwise challenge the Magistrate Judge's assessment of his prison account statement. The District Court overruled Cotto's objection, adopted the Magistrate Judge's recommendation, and denied Cotto's IFP motion by order entered October 9, 2009. Cotto appeals.

■■■ The denial of a motion for leave to proceed IFP is final and appealable, and we have jurisdiction under 28 U.S.C. § 1291. See Redmond v. Gill, 352 F.3d 801, 803 (3d Cir.2003).[1] We review the denial of leave to proceed IFP for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir.1985). "In this circuit, leave to proceed [IFP] is based on a showing of indigence." Deutsch v. United States, 67 F.3d 1080, 1084 n. 5 (3d Cir. 1995).

■■■ In this case, the District Court did not abuse its discretion in requiring Cotto to pay the $5.00 filing fee. We are not certain how the Magistrate Judge calculated Cotto's average monthly balance, but our review of his account statement reveals that he earned an average of $55.38 per month in prison wages and had a balance of $82.80 at the time he submitted his IFP application to the District Court. Thus, requiring Cotto to pay the $5.00 filing fee did not impermissibly " 'force [him] to abandon what may be a meritorious claim in order to spare himself complete destitution.' " Jones, 752 F.2d at 79 (quoting Adkins v. DuPont Co., 335 U.S. 331, 340, 69 S.Ct. 85, 93 L.Ed. 43 (1948), and holding that District Court abused its discretion in requiring prisoner to pay $5.00 fee from an account balance of only $17.39). Accordingly, we will affirm. Our ruling is without prejudice to Cotto's right to refile his habeas petition with the $5.00 filing fee or resubmit it with another motion for leave to proceed IFP, as his circumstances may warrant.[2]

1. We have not decided whether a certificate of appealability is necessary to appeal the District Court's denial of leave to proceed IFP in a habeas proceeding. See 28 U.S.C. § 2253(c)(1)(A). To the extent that a certificate of appealability might be required, we deny it for the reasons discussed herein.

2. We granted Cotto leave to proceed IFP on appeal, but our action is not inconsistent with the denial of his IFP motion at the District Court level because the $450.00 fee for filing a notice of appeal is far higher than the $5.00 fee for filing a habeas petition. Cotto asserts in his IFP motion in this Court that the account statements he submitted to the District Court do not reflect his current financial condition because he was removed from his prison job in July 2009 and is no longer receiving wages (a circumstance that he did not bring to the attention of the District Court). Nevertheless, he twice asserts in his IFP motion in this Court that he is now willing and able to pay the $5.00 fee in the District Court following our disposition of this appeal. We decline to dismiss this appeal as moot, however, because Cotto's financial condition may have changed in the interim and he does not appear to have in fact refiled his habeas petition with the filing fee.