In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 18-3283

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARCUS C. DURHAM,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Southern District of Illinois
No. 96-cr-40051-SMY – **Staci M. Yandle**, *Judge.*

_____

DECIDED MAY 2, 2019

_____

WOOD, *Chief Judge*, in chambers.  Marcus Durham is seeking to appeal from the district court's order revoking his supervised release and imposing a sentence of an additional 30 months in prison. Durham's supervised release relates to his conviction for conspiring to distribute and possessing with intent to distribute cocaine and cocaine base. For purposes of the proceedings in the district court, a magistrate judge had found that Durham was "financially unable to retain

counsel," as required by 18 U.S.C. § 3006A(b). Initially, Durham was represented by a court-appointed lawyer, but before the revocation hearing, that lawyer withdrew with the court's permission. Durham was represented by retained counsel at the hearing. After the hearing, the court allowed retained counsel to withdraw. Durham then filed a motion *pro se* to proceed *in forma pauperis* (IFP) on appeal—a request he needed to make, because during the time he was able to engage retained counsel he was presumably also able to pay. His IFP status thus lapsed when appointed counsel left the case, see FED. R. APP. P. 24(A)(3). In support of his new motion, he cited his renewed inability "to retain counsel and pay for the costs attendant to the proceedings."

The court denied Durham's *pro se* motion, finding that he had provided an incomplete financial affidavit. It singled out his failure "to attach a certified statement showing all receipts, expenditures, and balance during the last six months for his institutional accounts." The record currently before me does not reveal for how much of that six-month period Durham had been incarcerated, given that he had been on supervised release, but that detail does not matter for present purposes.

Shortly after the district court issued that order, this court appointed the Federal Defender's Office for the Central District of Illinois for the limited purpose of re-filing in the district court a proper motion to proceed IFP on appeal. An attorney from that office did so, but to no avail. In response to counsel's motion, the district court again denied IFP status. In so doing, it cited 28 U.S.C. § 1915(a)(1) and Federal Rule of Appellate Procedure 24(a)(1). Applying the standards set out in those sources, the court determined that Durham had $750 in his prison account and thus could not show that he was

"unable to pay the costs of commencing his appeal." (The filing fee for an appeal is currently $505.) In addition, citing 28 U.S.C. § 1915(a)(3), the court ruled that Durham's appeal was frivolous, because he had "not articulated any argument to suggest that the court revoked his supervised release in error." Counsel has now renewed her motion in this court; she again argues that Durham does not have the financial ability to hire an attorney.

The problem with the district court's disposition of Durham's two motions relates to the applicable standard. Durham is not trying to bring a civil appeal, which would be governed by the general IFP statute, 28 U.S.C. § 1915. Instead, he is seeking to proceed under the Criminal Justice Act, 18 U.S.C. § 3006A, which provides as follows in pertinent part:

> Representation shall be provided for any financially eligible person who—
>
> … (E) is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition, or extension or revocation of a term of supervised release.

*Id.* § 3006A(a)(1)(E). Moreover, the Criminal Justice Act specifies that there must be a plan for "furnishing representation for any person *financially unable to obtain adequate representation.*" *Id.* § 3006A(a) (emphasis added). These are different standards from the ones that apply to all litigants who seek the right to proceed without *prepayment* of costs and fees, and who do not as a rule have a right to appointed counsel. The general run of litigants have only the opportunity to ask the court to attempt to recruit counsel for them. See *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (*en banc*).

In Criminal Justice Act cases, just as in civil cases, the party seeking the right to proceed IFP must first file a motion with the district court. Durham did so, twice. If the district court denies that motion, the person may renew his request in this court. See FED. R. APP. P. 24(a)(4), (5). In cases governed only by section 1915, the district court is required to screen the case before granting the privilege to proceed without prepayment of fees. See 28 U.S.C. § 1915(e)(2). If it concludes (among other things) that the action or appeal is frivolous or malicious, the court must dismiss the case. *Id.* § 1915(e)(2)(B)(i).

That language is conspicuously missing from the Criminal Justice Act. And it is easy to see why. In most of the instances covered by that Act, the right to counsel flows from the Sixth Amendment to the Constitution. I recognize that proceedings involving the revocation of supervised release do not as a rule fall within the Sixth Amendment's protection, see *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973), but there is no need to worry about the Constitution when the statute gives such a clear right to counsel. Sensitive to the balance between the duty of counsel to refrain from pursuing frivolous appeals and the rights of the defendant, the Supreme Court has dictated a different approach to that problem. In *Anders v. California*, 386 U.S. 738 (1967), the Court ruled that an attorney who found a case to be wholly frivolous should so advise the court and seek permission to withdraw. *Id.* at 744. But—and this is a big qualification—counsel must "accompany[y] [that request] by a brief referring to anything in the record that might arguably support an appeal." *Id.* The indigent client must receive a copy of that brief and be given the chance to raise with the court any points he chooses. *Id.* Even though we are not compelled to do so for revocations of supervised release, given *Scarpelli*, as a matter of discretion this court follows the *Anders*

procedures for those proceedings, since the *Anders* system has proven to be an effective way to weed out hopeless appeals. See *United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016).

As I noted earlier, the Criminal Justice Act asks only if the defendant is "financially unable" to obtain adequate representation; that standard applies to revocations of supervised release. See *United States v. Martin-Trigona*, 684 F.2d 485, 489–90 (1982); *United States v. Kelly*, 467 F.2d 262, 266 (7th Cir. 1972). The Act addresses criminal actions and appeals specifically, and thus its terms control over the more general ones found in section 1915. The Ninth and Tenth Circuits share this view of the two statutes. *United States v. Dangdee,* 608 F.2d 807 (9th Cir. 1979); *United States v. Osuna*, 141 F.3d 1412 (10th Cir. 1998). Although the Fifth Circuit has taken the opposite position, see *United States v. Boutwell*, 896 F.2d 884 (5th Cir. 1990), it is notable that *Boutwell* was concerned about giving rights to indigent defendants that more affluent defendants did not have. Should this court face such a problem in the future, I am certain that we would address it. But in the typical case of an indigent criminal defendant, it is not likely to arise. People who have no need to invoke section 1915 will not face dismissal under section 1915(e); those who are indigent enough to qualify under section 1915(a) will likely also be financially unable to pay for a lawyer for purposes of the Criminal Justice Act.

For now, the law in this circuit is well established. The Criminal Justice Act directs that counsel be appointed to represent a financially eligible person who meets any of the criteria of 18 U.S.C. § 3006A(a)(1). The criterion that applies to Durham is the revocation of supervised release. *Id.* § 3006A(a)(1)(E). As the Seventh Circuit Criminal Justice Act

Plan puts it, "In determining the need for appointment of counsel under the Act, the Courts [within the Seventh Circuit] shall not be governed by a requirement of indigence on the part of the defendant, but rather by his financial inability to employ counsel … ." Seventh Circuit Plan, Part III.3, "Determination of Need for Appointment of Counsel." The standards for IFP eligibility contained in 28 U.S.C. § 1915(a) should have played no role in resolving Durham's motion. See generally 16AA Charles Alan Wright *et al.*, "Standard for Proceeding In Forma Pauperis," FEDERAL PRACTICE & PROCEDURE § 3970.1 at 144-45 (4th ed. 2008).

In addition, the Criminal Justice Act does not permit district courts to appoint counsel only for defendants whose appeals the court deems not to be frivolous or taken in bad faith. The *Anders* procedures are available, should counsel come to that conclusion. As the court put it in *Osuna*, "[t]he determination of the frivolousness of a direct criminal appeal is the responsibility of the court of appeals in its determination on the merits of the appeal." 141 F.3d at 1415.

For these reasons, I hereby GRANT Durham's motion for leave to proceed *in forma pauperis* in his appeal from the district court's revocation of his supervised release.