19-706 (L)
United States v. Kosic (Nunez)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2019

(Submitted: September 24, 2019                    Decided: December 6, 2019)

Docket Nos. 19-706, 19-3521

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.

MEDIN KOSIC, AKA DINO, JASMIN CEJOVIC,
AKA MIN, MIRSAD BOGDANOVIC, AKA
MIKE, SHAUN SULLIVAN, THEODORE
BANASKY, AKA FREDDY, AKA EDUARDO,
ANTHONY FRANCESE, ALEXANDER BUCCI,
JOSEPH CUCCINIELLO, AKA CUCH,
KENNETH CHARLTON, and JENNIFER
BOGDANOVIC,

*Defendants*,

MICHAEL NUNEZ, AKA GORDO, and
PAUL VAN MANEN,

*Defendants-Appellants*.

_____

Before: CALABRESI, POOLER, and PARK, *Circuit Judges*.

Defendant-Appellant Michael Nunez moves for in forma pauperis ("IFP") status in this direct criminal appeal. Sammy Sanchez, retained counsel for Nunez, moves to withdraw as counsel and for appointment of new counsel pursuant to the Criminal Justice Act ("CJA"). Because Nunez has established that he is financially eligible for CJA counsel, and because no threshold showing of the merits of the appeal is required to obtain IFP status and CJA counsel in direct criminal appeals, the motions are **GRANTED**.

_____

> SAMMY SANCHEZ, Brooklyn, NY, *for Defendant-Appellant Michael Nunez*.
>
> DONALD JOSEPH YANNELLA, III, New York, NY, *for Defendant-Appellant Paul Van Manen*.
>
> SARAH KATHLEEN EDDY, CATHERINE E. GHOSH, STEPHANIE L. LAKE, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

PER CURIAM:

Defendant-Appellant Michael Nunez moves for in forma pauperis ("IFP") status in this direct criminal appeal. His retained counsel, Sammy Sanchez, moves to withdraw as counsel and for appointment of new counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. Nunez has filed affidavits showing that he is financially eligible for IFP status and appointment of CJA counsel; however, the district court denied his IFP motion, finding that his appeal would be frivolous pursuant to 28 U.S.C. § 1915.

We write to explain this Court's practice of granting motions for IFP status and CJA counsel in direct criminal appeals without considering the merits. We hold that it is proper in these circumstances to consider only a defendant's financial eligibility. Accordingly, we grant Nunez's motions.

## BACKGROUND

Michael Nunez pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances while represented by retained counsel, Sammy Sanchez. He was sentenced to 150 months' imprisonment and timely appealed. In the notice of appeal, Sanchez requested to be relieved as counsel

3

and sought appointment of CJA counsel, stating that Nunez could not afford a lawyer. He explained that his representation of Nunez was limited to the district court proceeding, and that he charged him "at a much lower rate than the case required." Nunez, through Sanchez, has filed motions in this Court for IFP status, for Sanchez to be removed, and for appointment of CJA counsel. He has also submitted affidavits where he affirms that he has no income and no assets.

Because Nunez had not been granted IFP status below, an applications judge transferred the IFP motion to the district court for determination in the first instance. The district court denied the motion, determining that, "[p]ursuant to 28 U.S.C. § 1915(a)(3), . . . any appeal would be frivolous and not taken in good faith."

## DISCUSSION

Under 28 U.S.C. § 1915, a federal court may authorize the commencement of civil or criminal proceedings in forma pauperis, that is, without the prepayment of fees. 28 U.S.C. § 1915(a)(1). Generally, a litigant seeking IFP status on appeal must first seek a ruling from the district court. Fed. R. App. P. 24(a)(1). If the district court denies the motion and determines that an appeal would not

4

be taken in good faith, then the litigant may seek an IFP determination from this Court. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444–46 (1962); Fed. R. App. P. 24(a)(3). When presented with an IFP motion in civil cases, we consider the merits of the appeal, and, if we find that the appeal is frivolous, we deny the motion and dismiss the appeal. *See* 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

But criminal appeals are altogether different. They are governed by the CJA, which states that criminal defendants shall be provided with counsel if they are "financially unable to obtain" a lawyer.[1] 18 U.S.C. § 3006A(a)–(b). Appointment of counsel under the CJA does not include any consideration of the merits of the case. *See id.* Significantly, if a criminal defendant was appointed CJA counsel in the district court, then IFP status is automatically authorized on

---

[1] This standard is different than the Section 1915 financial eligibility standard, which requires a showing that the litigant is "unable to pay" court fees and is typically determined by indigency. 28 U.S.C. § 1915(a)(1); *see, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) (per curiam). Appointment of counsel under the CJA, however, requires only a showing that the defendant "is unable to afford representation, though he need not prove that he is indigent." *United States v. Parker*, 439 F.3d 81, 96 (2d Cir. 2006) (internal quotation marks omitted).

5

appeal. 18 U.S.C. § 3006A(d)(7) ("If a person for whom counsel is appointed under this section appeals to an appellate court . . . , he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by [§] 1915(a)[.]"); *see also* Fed. R. App. P. 24(a)(3).

This case presents the relatively rare occurrence where a financially eligible criminal defendant seeks IFP status and CJA counsel for the first time on direct appeal.[2] Because Nunez was not represented by CJA counsel during the district court proceedings, he does not benefit from an automatic grant of IFP status pursuant to Section 3006A(d)(7). Nonetheless, it has been the practice in this Circuit to grant motions for IFP status and CJA counsel to a criminal defendant on direct appeal if the defendant is financially eligible under the CJA, without considering the merits. We now formally hold that IFP motions on direct criminal appeals are not subject to a merits determination under Section 1915. *Cf.* 18 U.S.C. § 3006A(d)(7). Such practice ensures that all financially eligible

---

[2] Such cases may occur where, as here, the defendant was represented in district court by retained counsel who agreed to represent the defendant at a discounted rate. It may also occur where the defendant was initially able to afford counsel at a standard rate, but his financial circumstances changed during the course of trial proceedings.

defendants—whether granted CJA counsel in district court or for the first time on appeal—are subject to the same standards.

We join three other circuits that have considered the issue. *See United States v. Durham*, 922 F.3d 845, 847 (7th Cir. 2019) (one-judge decision); *United States v. Osuna*, 141 F.3d 1412, 1415 (10th Cir. 1998) (two-judge decision); and *United States v. Dangdee*, 608 F.2d 807, 810 (9th Cir. 1979). *But see United States v. Boutwell*, 896 F.2d 884, 889 (5th Cir. 1990) (one-judge decision).

This practice is also consistent with long-held precedent concerning the appellate rights of criminal defendants. The Supreme Court has emphasized the importance of guaranteeing the same rights to indigent criminal defendants as defendants who are not indigent. *See Anders v. California*, 386 U.S. 738, 741 (1967) (discussing case law). In 1962, prior to the enactment of the CJA, the Supreme Court addressed the implications of Section 1915 for indigent criminal defendants. *See Coppedge*, 369 U.S. at 446. It noted that, although a district court's certification that a criminal appeal lacked good faith was "entitled to weight[,]" a court of appeals would typically lack adequate materials to determine the merits on an IFP motion. *Id.* Thus, it held:

[i]f . . . the claims made or the issues sought to be raised by the applicant are such that their substance cannot adequately be ascertained from the face of the defendant's application, the Court of Appeals must provide the would-be appellant with both the assistance of counsel and a record of sufficient completeness to enable him to attempt to make a showing that the District Court's certificate of lack of good faith is in error and that leave to proceed with the appeal in forma pauperis should be allowed.

*Id.* (internal quotation marks omitted).

A year later, the Supreme Court held that indigent criminal defendants have a right to appointed counsel in direct criminal appeals. *Douglas v. California*, 372 U.S. 353, 354–58 (1963). It explained that "where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." *Id.* at 357. Thereafter, the Supreme Court established a framework for determining whether a direct criminal appeal is frivolous: a court may examine the merits of the appeal after defense counsel has conducted a "conscientious" examination of the record and submitted a brief discussing any arguably meritorious issues on appeal. *Anders*, 386 U.S. at 744–45.

More recently, the Supreme Court has discussed the *Anders* procedure as a safeguard to a criminal defendant's rights, stating that "[o]nly after [counsel's

examination of the record pursuant to *Anders*], and only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel." *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also Smith v. Robbins*, 528 U.S. 259, 278 n.10 (2000) ("Although an indigent whose appeal is frivolous has no right to have an advocate make his case to the appellate court, such an indigent does, in all cases, have the right to have an attorney, zealous for the indigent's interests, evaluate his case and attempt to discern nonfrivolous arguments.").[3] In keeping with this precedent, we have held that "we may not independently determine the merits of [a direct criminal] appeal, absent a properly prepared *Anders* brief." *United States v. Burnett*, 989 F.2d 100, 104 (2d Cir. 1993); *see also United States v. 777 Greene Ave.*, 609 F.3d 94, 98–99 (2d Cir. 2010) (discussing this Circuit's *Anders* procedure).

In the end, all criminal defendants—indigent or not— possess the right to a zealous advocate on appeal who must conduct a conscientious review of the

---

[3] In *Robbins*, the Supreme Court explained that the *Anders* procedure is a "prophylactic framework" that safeguards a defendant's right to counsel, but that States may enact other procedures so long as those procedures continue to protect defendants' right to counsel. 528 U.S. at 273–76.

record. That right would be vitiated if we could dismiss an indigent defendant's appeal as frivolous on the basis of an IFP motion before that review has occurred.

Nunez, who has no income and no financial assets, has established that he is financially eligible for appointment of CJA counsel. We therefore grant his motions for withdrawal of retained counsel, appointment of CJA counsel, and IFP status.

## CONCLUSION

For the reasons discussed above, we hold that motions for IFP status and for appointment of CJA counsel shall be granted in direct criminal appeals solely based on the defendant's financial eligibility under the CJA and without consideration of the merits of the appeal. Accordingly, we grant Nunez's motions and direct the Clerk's Office to appoint counsel pursuant to the CJA.