NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAKSHMI ARUNACHALAM,**

*Plaintiff-Petitioner*

**v.**

**BRIAN J. MCNAMARA, GEORGIANNA W. BRADEN, JENNIFER S. BISK, KEVIN TURNER, STEPHEN C. SIU, ELIZABETH D. LAPORTE, ALAN D. ALBRIGHT, KRISTIE DAVIS, ROBERT W. SCHROEDER, III, CAROLINE CRAVEN, RICHARD G. ANDREWS, EDWARD J. DAVILA, LEONARD P. STARK, PHYLLIS J. HAMILTON, JAMES DONATO, THOMAS S. HIXSON, ERIC M. DAVIS, J. RODNEY GILSTRAP, RYAN T. HOLTE, SHARON PROST, RAYMOND C. CLEVENGER, III, RAYMOND T. CHEN, EVAN J. WALLACH, JIMMIE V. REYNA, TODD M. HUGHES, ALAN D. LOURIE, TIMOTHY B. DYK, KIMBERLY A. MOORE, RICHARD G. TARANTO, CLARENCE THOMAS, RUTH BADER GINSBURG, STEPHEN G. BREYER, SAMUEL ANTHONY ALITO, JR., SONIA SOTOMAYOR, ELENA KAGAN, JOHN G. ROBERTS, JR.,**

*Defendants-Respondents*

---

2021-110

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. Section 1292(b) from the United States District

Court for the District of Delaware in No. 1:20-cv-00959-CFC, Judge Colm F. Connolly.

———————————

## ON PETITION AND MOTION

———————————

Before NEWMAN, BRYSON, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## O R D E R

The United States District Court for the District of Delaware denied Lakshmi Arunachalam's motion for leave to proceed *in forma pauperis* ("IFP"). Dr. Arunachalam now petitions this court pursuant to 28 U.S.C. § 1292(b) for permission to bring an interlocutory appeal in this case. She also moves to be allowed to proceed IFP in this court.

Section 1292(b) authorizes a court of appeals to permit an appeal of an interlocutory order only after the district court has certified that that the appeal presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. And here, no such certification was issued. Therefore, no appeal can be brought under section 1292(b).

Although Dr. Arunachalam has not filed a notice of appeal from the district court's order denying her IFP motion, we may treat her petition as such, because those orders are immediately appealable. *See Roberts v. U.S Dist. Court for the N. Dist. of Cal.*, 339 U.S. 844, 845 (1950); *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 n.1 (2d Cir. 1988) (citing *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987); *Potnick v. E. State Hosp.*, 701 F.2d 243 (2d Cir. 1983)).

Given that Dr. Arunachalam has also moved to proceed IFP before this court, it is appropriate to assess whether her appeal is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating that the court shall dismiss the case at any time if the court determines that . . . the . . . appeal is frivolous"); *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) (explaining that while § 1915 "authorizes courts to dismiss a 'frivolous or malicious' action, . . . there is little doubt they would have the power to do so even in the absence of this statutory provision").

The determination of whether to allow a litigant to proceed IFP is generally committed to the sound discretion of the trial court. *See Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010) (citing *Jones v. Zimmerman*, 752 F.2d 76, 78 (3d. Cir. 1985) ("We review the denial of leave to proceed IFP for abuse of discretion."). Here, the district court denied Dr. Arunachalam's motion based on inconsistencies in her applications and failure to establish an inability to pay the fee.

Dr. Arunachalam has failed to make any cogent, non-frivolous argument as to why that determination was incorrect, let alone an abuse of discretion. Instead, Dr. Arunachalam petition before this court consists for the most part of assertions going to the merits of her complaint: that the defendants violated their oaths of office and the Constitution during the previous adjudications that resulted in the invalidation of her patents. Because her appeal from the denial of IPF status in the district court is clearly frivolous, the court finds dismissal of the appeal appropriate.

In light of our disposition of the appeal, Dr. Arunachalam's request to proceed IFP before this court is moot.

Accordingly,

IT IS ORDERED THAT:

(1)  This matter is dismissed.

4                                                   ARUNACHALAM v. MCNAMARA

(2)  All pending motions are denied as moot.

                                        FOR THE COURT

        March 05, 2021          /s/ Peter R. Marksteiner
           Date                 Peter R. Marksteiner
                                Clerk of Court

s31