# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2010

Lyle W. Cayce
Clerk

No. 09-50978
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVIN W. BYRD, JR., also known as Alvin Byrd,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-128-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alvin W. Byrd, Jr., was convicted by a jury of one count of wire fraud, one count of interstate transportation of stolen property, and five counts of money laundering. The jury also found that a 2006 Hummer H2, $82,005.51, $5003.53, and $192,886.87 were proceeds and assets traceable to the wire fraud offense and were subject to forfeiture. The district court sentenced Byrd to 150 months in prison on the fraud and money laundering counts and 120 months in prison on the interstate transportation count, to run concurrently and to be followed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a three-year term of supervised release. The court also ordered Byrd to pay a $100,000 fine and $271,403.33 in restitution, while ordering Byrd to forfeit the Hummer and $87,009.04 in cash. On direct appeal, this court affirmed Byrd's conviction and sentence and the order of preliminary forfeiture. *See United States v. Byrd*, No. 08-50275, 2010 WL 1811883, at *1-*5 (5th Cir. May 5, 2010).

Following the entry of judgment, the district court issued the final order of forfeiture, requiring Byrd to forfeit $27,000, which constituted the proceeds from the sale of the Hummer H2; $82,005.51; $5003.53; and $192,886.87. Byrd, who is proceeding pro se, has appealed this ruling. The district court denied Byrd leave to proceed in forma pauperis (IFP) because Byrd had not shown that the appeal was taken in good faith. *See United States v. Boutwell*, 896 F.2d 884, 889-90 (5th Cir. 1990).

Byrd now seeks leave from this court to proceed IFP on appeal. This court may authorize Byrd to proceed IFP if he is unable to pay the costs of the appeal and the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. 28 U.S.C. § 1915(a)(1). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of the appeal, does not require that probable success be shown. The inquiry is limited to whether the appeal involves legal points arguably on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Byrd's challenge to the final order of forfeiture does not present a nonfrivolous appellate issue. Byrd contends that he is entitled to challenge the illegal forfeiture proceedings that arose from an illegally-obtained criminal conviction based on perjured testimony, prosecutorial and police misconduct, and the ineffectiveness of the attorney who represented Byrd at his criminal trial. These claims essentially correlate to allegations raised in Byrd's direct appeal, and we have already rejected Byrd's challenges to the validity of the criminal proceedings and their effect on the forfeiture order as encapsulated in the final

judgment. *See Byrd*, 2010 WL 1811883, at *1-*4. Byrd additionally argues that the district court's denial of IFP status and this court's requirement of an IFP motion was improper and denied him access to the courts. Byrd's implicit assertion that a challenge to criminal proceedings is per se taken in good faith ignores the mandate of *Boutwell*. Additionally, an individual does not have a constitutional right of access to the courts to raise frivolous claims. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008).

Byrd has not established that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. Because the instant appeal is without merit, Byrd's motion to proceed IFP is DENIED. *See Boutwell*, 896 F.2d at 890. The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.