# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

Lyle W. Cayce
Clerk

No. 10-50079
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVIN W. BYRD, JR., also known as Alvin Byrd,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-128-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alvin W. Byrd, Jr., was convicted by a jury of one count of wire fraud, one count of interstate transportation of stolen property, and five counts of money laundering. The district court sentenced Byrd to 150 months in prison on the fraud and money laundering counts, and 120 months in prison on the interstate transportation counts, to run concurrently and to be followed by a three-year term of supervised release. The court also ordered Byrd to pay a $100,000 fine and $271,400 in restitution, while ordering Byrd to forfeit a 2006 Hummer H2

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50079

and $87,000 in cash as proceeds and assets traceable to the wire fraud offense. On direct appeal, we affirmed Byrd's conviction and sentence and the court's *preliminary* order of forfeiture. *See United States v. Byrd*, 377 F. App'x 374, 376–80 (5th Cir. 2010).

Following the entry of judgment, and during the pendency of the direct appeal, the district court granted the government's motion for an expedited interlocutory sale of Byrd's assets and the court issued a *final* order of forfeiture. Byrd appealed these rulings separately and sought leave to proceed in forma pauperis (IFP) on appeal in each. *See United States v. Byrd*, 382 F. App'x 384, 385 (5th Cir. 2010); *United States v. Byrd*, No. 09-50978, 2010 U.S. App. LEXIS 14169 (5th Cir. June 22, 2010). In June 2010, we denied Byrd's motions to proceed IFP and dismissed the two appeals as frivolous. *See* 382 F. App'x at 386; 2010 U.S. App. LEXIS 14169, at *4.

The instant appeal flows from a separate set of IFP motions filed in the trial court, three of which overlap with the appeals discussed above. In five separate motions filed in the district court, Byrd moved for leave to proceed IFP on appeal to challenge the court's: (i) preliminary order of forfeiture; (ii) final order of forfeiture; (iii) ruling on the Government's motion for an expedited interlocutory sale of assets; and (iv) ruling on Byrd's motion for a judgment of acquittal, as well as (v) to take an appeal relating to a petition for writ of mandamus filed in December 2008. In a consolidated order, the district court denied IFP status as to all five matters, finding that the appeals presented no non-frivolous issues and were not taken in good faith. It is this order that Byrd now appeals from.

This court can authorize Byrd to proceed IFP on appeal if he is unable to pay the costs of the appeal and the appeal is taken in good faith. 28 U.S.C. § 1915(a); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The court's inquiry into Byrd's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Id*. at 220 (citation

2

omitted).  The court may dismiss the appeal sua sponte under 5TH CIR. R. 42.2. where it is apparent that the case presents no meritorious issues.  *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997).

Byrd's instant appeal does not present any non-frivolous appellate issues. Byrd's challenges to the district court's preliminary order of forfeiture and denial of a motion for acquittal simply renew claims that were already decided on direct appeal.  *See Byrd*, 377 F. App'x at 376–79.  As for the court's rulings on the interlocutory sale of assets and the final order of forfeiture, we have already passed on those issues in separate appeals and found them to be frivolous.  *See Byrd*, 382 F. App'x at 386; *Byrd*, 2010 U.S. App. LEXIS 14169, at *4.[1]  The final basis for the instant appeal is likewise without merit.  No action was taken Byrd's petition for writ of mandamus when filed in December 2008 because the issues raised in the petition were also presented in Byrd's opening merits brief. To the degree that Byrd's IFP request relates to his mandamus petition, the issues raised in that petition were already decided on direct appeal.

Because Byrd's appeal is without arguable merit, his motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous.  *See Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.  Since Byrd's appeal fails to present any non-frivolous issues, he has accumulated his third strike under 28 U.S.C. § 1915(g). Except for cases involving an imminent danger of serious physical injury, Byrd is barred under  § 1915(g) from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated.  *See Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009).  He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911–14.

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.

---

[1] For purposes of 28 U.S.C. § 1915(g), the court's dismissal of these appeals as frivolous count as Byrd's first and second strikes.